## Commonwealth ex rel. Reese, Appellant, *v.* Claudy.

Argued November 20, 1951. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ.

*Valera Grapp,* for appellant.

*Henry R. Smith,* Assistant District Attorney, with him *William S. Rahauser,* District Attorney, for appellee.

OPINION BY RHODES, P. J., March 18, 1952:

Relator who is presently confined in the Western State Penitentiary has appealed from the order of the Court of Common Pleas of Allegheny County discharging a rule issued upon his petition for writ of habeas corpus and denying the writ.

Preliminarily a recital of relator's criminal record is essential for an appraisal of the issues which relator seeks to raise in what the court below properly described as "a vaguely phrased petition for a writ of habeas corpus."

The records of the courts of Allegheny County disclose an active career of crime to be considered in connection with relator's averment of denial of due process of law because counsel was not provided for him at the time of entry of pleas of guilty to two bills of indictment at Nos. 22 and 23, November Sessions, 1943, charging robbery, in the Court of Oyer and Terminer of Allegheny County.

On January 24, 1941, relator pleaded guilty to a bill of indictment, No. 210, January Sessions, 1941, charging a liquor law violation, and the sentence was a fine and thirty days imprisonment in the Allegheny County jail.

On November 12, 1942, relator pleaded guilty to a bill of indictment, No. 52, November Sessions, 1942,

charging armed robbery, and he was sentenced to a term of not less than six months nor more than twelve months in the Allegheny County Workhouse. From this sentence he was paroled on March 26, 1943. On November 12, 1942, he also pleaded guilty to a bill of indictment, No. 53, November Sessions, 1942, charging burglary. On this bill sentence was suspended. On the same day, he pleaded guilty to a bill of indictment, No. 54, November Sessions, 1942, charging armed robbery. On this bill sentence was likewise suspended.

On December 16, 1942, relator entered a plea of nolo contendere to a bill of indictment, No. 8, December Sessions, 1942, charging armed robbery, and he was sentenced to a term of not less than three months nor more than fifteen months in the Allegheny County Workhouse; the sentence was to begin at the expiration of the sentence imposed at No. 52, November Sessions, 1942. On June 7, 1943, he was paroled.

On February 3, 1943, relator was found not guilty after trial on a bill of indictment, No. 7, December Sessions, 1942, charging assault and battery with intent to rob. At his trial he was represented by counsel.

On November 4, 1943, the Court of Oyer and Terminer of Allegheny County imposed sentence for term of not less than four years nor more than eight years in the Western State Penitentiary on each of the two bills of indictment, Nos. 53 and 54, November Sessions, 1942, upon which sentences had been suspended on November 12, 1942; the sentences were to be effective as of October 14, 1943, and to be served concurrently. On November 4, 1943, relator also pleaded guilty to a bill of indictment, No. 22, November Sessions, 1943, charging robbery, and he was sentenced to a term of not less than ten years nor more than twenty years in the Western State Penitentiary, sentence to begin to be served at the expiration of sentences im-

posed at Nos. 53 and 54, November Sessions, 1942. On the same day, he pleaded guilty to a bill of indictment, No. 23, November Sessions, 1943, charging robbery, and he was sentenced to a term of not less than five years nor more than ten years in the Western State Penitentiary, sentence to begin to be served at the expiration of sentence imposed at No. 22, November Sessions, 1943. On the same day, he pleaded guilty to a bill of indictment, No. 104, October Sessions, 1943, charging violation of the Uniform Firearms Act, and sentence was suspended on this bill. On the same day, he pleaded guilty to a bill of indictment, No. 48, November Sessions, 1943, charging larceny. Sentence was suspended on this bill.

The basis of relator's petition for writ of habeas corpus filed in the Court of Common Pleas of Allegheny County on March 6, 1951, is that he was denied due process of law when he entered pleas of guilty to bills of indictment Nos. 22 and 23, November Sessions, 1943, and was sentenced by the court on November 4, 1943, because the court failed to provide him with counsel. He relies on the Sixth Amendment which has not up to this time been held applicable to criminal proceedings in state courts. *Gallegos v. Nebraska,* 342 U. S. 55, 72 S. Ct. 141, 96 L. Ed. 82. He also alleged in his petition that the facts and circumstances present were identical with those of *Uveges v. Pennsylvania,* 335 U. S. 437, 69 S. Ct. 184, 93 L. Ed. 127.

At the time pleas were entered and sentences imposed on November 4, 1943, relator was past twenty-one years of age. He was married and his wife was apparently present in court. The notes taken at the time of sentencing show that he twice committed robbery at the office of the General Public Loan Corporation in Pittsburgh, once on September 18, 1943, when he secured the sum of $700, and again on September 27, 1943, when he obtained $1,030.80. Subsequently he was

involved in the larceny of an automobile which he later abandoned. When ultimately apprehended, he had a gun in his possession. The magistrate's transcript filed in connection with the two robbery charges (Nos. 22, 23, November Sessions, 1943) sets forth that at the preliminary hearing on October 11, 1943, the relator admitted his guilt. The "plea notes" further indicate, in addition to the robbery and burglary convictions, relator admitted that prior thereto he had been arrested for "petty thievery—snatching purses and things of that nature." It appears in the notes that relator stated he had nothing to say at time of sentence except to ask for the mercy of the court.

In support of his contention that he was denied due process of law by reason of the court's alleged failure to offer or provide him with counsel, relator in his petition advances the following as special circumstances: (1) He was only 21 years and 9 days old at the time he pleaded guilty to the charges in question; (2) he had received but a limited education, equivalent at best to sixth grade of schooling because of a childhood affliction causing the loss of one eye and the weakening of the other; (3) he was not aware of the severity of the punishment that might be imposed upon the entry of guilty pleas to the crimes charged; (4) he was not confronted with witnesses who would testify to the crimes charged. He also averred that he was assured by the prosecution that if he would plead guilty to the indictments (Nos. 22 and 23, November Sessions, 1943) the sentences to be imposed thereon would not exceed in point of time, and would be served concurrently with, the sentences relator expected to be imposed on bills Nos. 53 and 54, November Sessions, 1942.[1] Relator also set forth in his petition that he felt

---

[1] Relator in his brief says that the alleged promise by the prosecution had been made by the assistant district attorney who was present at the time relator's pleas were accepted by the court.

certain the suspension of sentences in the latter cases would be set aside and sentences imposed because of his violation of the conditions of suspension by reason of his being arrested for violation of the Uniform Firearms Act.

Relator did not aver in his petition that he requested the appointment of counsel, and that the request was refused. Nor did he aver that he did not know that counsel would be provided if so requested.

We repeat that the Due Process Clause of the Fourteenth Amendment does not imply a categorical right of counsel in every noncapital case in a state court. *Betts v. Brady*, 316 U. S. 455, 62 S. Ct. 1252, 86 L. Ed. 1595; *Foster v. Illinois*, 332 U. S. 134, 67 S. Ct. 1716, 91 L. Ed. 1955; *Bute v. Illinois*, 333 U. S. 640, 68 S. Ct. 763, 92 L. Ed. 986. In *Com. ex rel. Popovich v. Claudy*, 170 Pa. Superior Ct. 482, 486, 87 A. 2d 489, 491, we said: "To invalidate a plea of guilty in noncapital cases by reason of denial of due process arising from failure to provide a prisoner with counsel by the courts of this Commonwealth, the prisoner must establish that for want of benefit of counsel an ingredient of unfairness actively operated in the process that resulted in his confinement. [Cases cited.] In determining whether that ingredient exists, each case depends on its own facts." See, also, *Betts v. Brady*, 316 U. S. 455, 62 S. Ct. 1252, 86 L. Ed. 1595, and *Gallegos v. Nebraska*, 342 U. S. 55, 72 S. Ct. 141, 96 L. Ed. 82, as quoted in *Com. ex rel. Popovich v. Claudy*, supra.

In determining the necessity to provide counsel as a matter of due process in a state prosecution, the Supreme Court of the United States has considered as factors, inter alia, the gravity of the offense charged, the simplicity or complexity of the issues, the age and mental capacity of the accused, his background, education and experience, his knowledge of law and court procedure, including knowledge gained or presumably

gained from previous prosecutions and the degree of protection given the accused during the trial appearing from the conduct of the prosecuting officials.[2]

When considered in relation to the other factors the youthfulness of relator did not require the special protection of the court by the appointment of counsel. The charges, while serious, were easily comprehended. The indictments clearly charged the offenses and the details of the robberies were related in open court by the prosecuting officer in relator's presence. In addition a preliminary hearing had been held before the magistrate at which time relator was appraised of the charges and admitted his guilt. The record indicates that there could have been no misunderstanding upon his part. Moreover, his criminal record includes a plea of guilty to a liquor law violation on January 24, 1941, pleas of guilty to two armed robberies and a burglary on November 12, 1942, a plea of nolo contendere to armed robbery on December 16, 1942; and, in addition thereto, on February 3, 1943, he was tried on a charge of assault and battery with attempt to commit robbery, at which time he was represented by counsel. In less than three years prior to the proceedings of which he now complains, relator was in the criminal courts on four different occasions to answer six specific criminal charges. With such record it would be impossible for any court to accept his suggestion that he was inexperienced in criminal matters. "With his experience in criminal courts he must have known also that he could have had counsel assigned to him upon request.

---

[2] *Rice v. Olson*, 324 U. S. 786, 65 S. Ct. 989, 89 L. Ed. 1367; *Wade v. Mayo*, 334 U. S. 672, 68 S. Ct. 1270, 92 L. Ed. 1647; *Townsend v. Burke*, 334 U. S. 736, 68 S. Ct. 1252, 92 L. Ed. 1690; *Gibbs v. Burke*, 337 U. S. 773, 69 S. Ct. 1247, 93 L. Ed. 1686; *Uveges v. Pennsylvania*, 335 U. S. 437, 69 S. Ct. 184, 93 L. Ed. 127; *Gryger v. Burke*, 334 U. S. 728, 68 S. Ct. 1256, 92 L. Ed. 1683; *Betts v. Brady*, 316 U. S. 455, 62 S. Ct. 1252, 86 L. Ed. 1595.

See Com. ex rel. McGlinn v. Smith, 344 Pa. 41, 44, 24 A. 2d 1": *Com. ex rel. Geisel v. Ashe,* 165 Pa. Superior Ct. 41, 43, 44, 68 A. 2d 360, 361, certiorari denied 338 U. S. 951, 70 S. Ct. 482, 94 L. Ed. 587.

Nevertheless we shall remand the record to the court below for further hearing, in view of the recent decision of the Supreme Court of the United States in *Palmer v. Ashe,* 342 U. S. 134, 72 S. Ct. 191, 96 L. Ed. 130, although relator's competency and experience would seem to preclude from a rational approach the acceptance of his averment that he had been misled by the prosecution. The Supreme Court of the United States, in the *Palmer* case, in referring to the averments in the petition in that case, said (pages 136, 137 of 342 U. S., pages 132, 133 of 96 L. Ed.) : "In summary these allegations are : When petitioner was arrested December 20, 1930, the officers told him that he was charged with 'breaking and entering the Leaders Dry Goods Store.' Later, before a magistrate, he was again told that the charge was 'breaking and entering.' . . . Moreover, if there can be proof of what he charges, he is the victim of inadvertent or intentional deception by officers who, so he alleges, persuaded him to plead guilty to armed robbery by telling him he was only charged with breaking and entering, . . . In this aspect of the case the allegations are strikingly like those that we held entitled the petitioner to a hearing in Smith v. O'Grady, 312 U. S. 329 [61 S. Ct. 572, 85 L. Ed. 859]." The opinion also states that the record does not deny petitioner's charges that the officers deceived him. In the present case, relator averred that at the time of his arrest on the charges in question he was under suspended sentence for robbery, and "that the said prosecution being aware of the said suspended sentence, assured him, the petitioner, that if he would plead guilty to the above entitled charges, that he, the Prosecutor, would see to it that the resulting sentence should be,

in amount of time, less than the suspended sentence, and would be arranged to be served concurrently therewith, making the total amount of time to be served no different from what it must necessarily be, anyway." The answers filed make no reference to this allegation. A determination of this question may preclude any premature review on the question of due process on a record that might be held incomplete. The record will therefore be remitted to the court below for further hearing and determination.

We cannot be unmindful of the consequences of the trend to give unusual opportunities and unlimited latitude to those who are unquestionably guilty of violating the criminal laws;[3] while "the active intrusion of the federal courts in the administration of the criminal law for the prosecution of crimes solely within the power of the States"[4] often makes conviction of the guilty more difficult and their punishment after just conviction more uncertain. Relator, as a seasoned violator of the criminal law, must have known that the alleged promise, if made, could not be fulfilled as the imposition of sentence is the sole prerogative of the Court. Such an allegation of a relator after the lapse of years is easily made but often difficult to disprove due to the death of those who could give the true facts. Relator entered his pleas of guilty on November 4, 1943; he filed his petition with this averment on March 6, 1951. At the hearing on such issues the credibility

[3] Mr. Justice BELL, in his dissenting opinion in *Com. v. Truitt*, 369 Pa. 72, 100, 85 A. 2d 425, 438, gave this significant warning: "On behalf of all law-abiding citizens, I protest against this trend in favor of the criminal; I believe more thought and consideration should be given to protecting the rights of the decent-living people instead of the rights of violators of the law or hardened criminals."

[4] From the opinion of Mr. Justice FRANKFURTER in *Stefanelli v. Minard*, 342 U. S. 117, 72 S. Ct. 118, 96 L. Ed. 99, 101.

of the witnesses, including the relator, is for those upon whom the duty of finding the facts is imposed.[5] See *Wade v. Mayo*, 334 U. S. 672, 683, 684, 68 S. Ct. 1270, 92 L. Ed. 1647, 1654. As to review on appeal, see *Com. ex. rel. Master v. Baldi*, 166 Pa. Superior Ct. 413, 419, 72 A. 2d 150, allocatur refused 166 Pa. Superior Ct. xxiv, certiorari denied 340 U. S. 866, 71 S. Ct. 88, 95 L. Ed. 44.

Relator's argument, emphasized in his brief, that he was not confronted by the witnesses to the robberies named in the indictments, is totally without merit. "Since he pleaded guilty there was no trial, and the right to confront the accuser and cross-examine witnesses was not involved": *Com. ex rel. Hovis v. Ashe*, 165 Pa. Superior Ct. 30, 35, 67 A. 2d 770, 772, affirmed 364 Pa. 81, 70 A. 2d 630, certiorari denied 339 U. S. 970, 70 S. Ct. 990, 94 L. Ed. 1378.

At the oral argument before this Court, the principal contention of counsel for relator was that he had not signed the pleas to the indictments. But the original bills of indictment contained relator's signature to the plea of guilty endorsed thereon. Counsel's error in this respect may be attributed to the fact that the copies of the indictments upon which argument was predicated were incomplete.

Order is reversed, and the record is remitted to the court below for further hearing and determination in conformity with this opinion.

---

[5] "Petitioner states a good cause of action when he alleges facts which support his contention that through denial of asserted constitutional rights he has not had the kind of trial in a state court which the due process clause of the Fourteenth Amendment requires. This, of course, does not mean that uncontradicted evidence of a witness must be accepted as true on the hearing. Credibility is for the trier of facts": *Hawk v. Olson*, 326 U. S. 271, 278, 279, 66 S. Ct. 116, 90 L. Ed. 61, 67.