Commonwealth ex rel. Uhler, Appellant, *v.* Burke.

Argued September 29, 1952. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ.

*Charles A. Kerlavage,* for appellant.

*Robert M. Harris,* District Attorney, with him *David W. Bechtel* and *Malcolm D. Reeves,* Assistant District Attorneys, for appellee.

OPINION BY RHODES, P. J., November 12, 1952:

Relator filed a petition for writ of habeas corpus in the Court of Common Pleas of Schuylkill County on January 28, 1952. Answers were filed by the District Attorney of Schuylkill County and the Warden of the Eastern State Penitentiary. Hearing was held at which testimony was taken; relator was present and testified. On March 3, 1952, relator's petition was denied, and writ refused. Relator, on April 3, 1952, filed a motion for rehearing; this motion was denied on April 28, 1952. Relator appealed to this Court on July 1, 1952. The appeal was not taken within the time limitation, and therefore will be quashed.[1] However, we shall discuss the merits of the appeal.

On October 29, 1934, relator pleaded guilty to two bills of indictment in the Court of Oyer and Terminer of Schuylkill County. Bill No. 1521-A, November Term, 1934, charged armed robbery; and bill No. 1522, November Term, 1934, charged carrying a concealed deadly weapon. Relator was thereupon sentenced to the Eastern State Penitentiary for a term of not less than ten years nor more than twenty years on the robbery charge, and for a term of not less than six months nor more than twelve months on the charge of carrying a concealed deadly weapon. The sentences were consecutive. On December 8, 1943, relator was paroled after his minimum sentences had been commuted. On August 15, 1947, he was recommitted to the Eastern State Penitentiary as a convicted parole violator.

---

[1] No appeal shall be allowed in any case from an order of any court of common pleas unless taken within three calendar months from the entry of the order appealed from; and a petition for reargument or rehearing does not operate to arrest running of the time limit. Act of May 19, 1897, P. L. 67, §4, as amended, 12 PS §1136; *Smith v. Jones*, 369 Pa. 13, 85 A. 2d 23; *Haller's Case*, 44 Pa. Superior Ct. 481..

After nearly 18 years[2] from the time of his original commitment, relator, without explanation of the delay, presented his petition for writ of habeas corpus in which he complains principally of the fact that no counsel was provided him in the proceedings in the Court of Oyer and Terminer of Schuylkill County when he pleaded guilty and was sentenced on October 29, 1934. The petition contains the usual averment that this was in violation of the Sixth Amendment of the Constitution of the United States. The other averments in his petition are that he was not given a preliminary hearing on the charges; that the charges were not presented to the grand jury; and that he was not "heard by the court." He further avers that he was given promises of leniency, which, with intermittent beatings by the state police, induced him to sign various unidentified documents.

At the hearing on February 11, 1952, upon the habeas corpus petition before the Court of Common Pleas of Schuylkill County, relator advised the court that he would represent himself. The evidence taken discloses that subsequent to relator's identification and arrest he admitted committing the armed robbery and signed an uncoerced confession. He was then taken to the scene of the crime where he reenacted it. Before the justice of the peace to whom he was taken for a hearing, he declared that he did not want a hearing by a "hick squire," and that he wanted to "waive a hearing and take the case to court." In waiving a hearing the relator stated: "I know my constitutional rights, this isn't the first time I was before a squire." Relator was thereupon held for the next session of criminal court.

---

[2] See *Com. ex rel. Quinn v. Smith*, 144 Pa. Superior Ct. 160, 164, 19 A. 2d 504; 39 C.J.S., Habeas Corpus, §76, p. 620. See, also, *Palmer v. Ashe*, 342 U. S. 134, 72 S. Ct. 191, 96 L. Ed. 154.

The original bills of indictment (Nos. 1521-A and 1522, November Term, 1934), drawn under the Act of April 15, 1907, P. L. 62, as amended, 19 PS §241, were offered in evidence. Each contained the following endorsement signed in open court by the relator: "Now, 29th day of Oct., 1934, being charged with the crime named in the within indictment, I hereby notify L. E. Enterline, District Attorney, that I am willing to enter a plea of guilty without the presentation of a bill of indictment before a grand jury and I hereby request and direct that my plea be entered on record." The pleas were entered accordingly.

It was further shown at the hearing that one of the investigating officers related the details of the crimes to the court, and that there was a conversation between the relator and the presiding judge relative to relator's prior criminal record. It is admitted that relator did not have counsel, and that none was requested. The only officer now surviving, who participated in the investigation and who was present at all stages of the proceedings, denied that relator was beaten or given any promises of leniency, and he testified that the only document which relator signed for the state police was his voluntary confession of the crimes. There was also introduced in evidence a certified copy of relator's application to the Board of Pardons for commutation of sentence, executed and filed in July, 1943, wherein he admitted the crimes with which he was charged, and to which he had entered pleas of guilty, and enumerated his previous criminal activities.

In testifying in his own behalf at the hearing on his petition, relator did not deny his guilt of the offenses charged. He admitted that he had waived a preliminary hearing, that he had waived presentation of the bills of indictment to the grand jury, and that he had pleaded guilty to the charges in open court. He

gave no affirmative testimony that he had been beaten or abused by the police officers, or that he had been promised a light sentence. His testimony was to the effect that he received more severe sentences than he anticipated.

We agree with Judge STAUDENMEIER, before whom the hearing on relator's petition was held, that relator failed to establish any denial of due process or other infringement of his constitutional rights. See *Com. ex rel. Master v. Baldi,* 166 Pa. Superor Ct. 413, 418, 72 A. 2d 150.

There is no merit whatsoever in relator's contentions relative to a preliminary hearing which he had waived, or concerning the procedure under the Act of April 15, 1907, P. L. 62, as amended, 19 PS §241. Upon a plea of guilty, witnesses are not necessarily called and the corpus delicti need not be established by proof. " 'Since he pleaded guilty there was no trial, and the right to confront the accuser and cross-examine witnesses was not involved': Com. ex rel. Hovis v. Ashe, 165 Pa. Superior Ct. 30, 35, 67 A. 2d 770, 772, affirmed 364 Pa. 81, 70 A. 2d 630, certiorari denied 339 U. S. 970, 70 S. Ct. 990, 94 L. Ed. 1378": *Com. ex rel. Reese v. Claudy,* 170 Pa. Superior Ct. 488, 498, 87 A. 2d 492, 496.

Relator's principal contention is that the court did not apprise him of his constitutional right to counsel at the time he pleaded guilty, and that the failure to furnish counsel, even though he made no request, was a violation of due process. The Sixth Amendment of the Constitution of the United States, upon which relator relies, is not applicable to criminal proceedings in state courts. *Gallegos v. Nebraska,* 342 U. S. 55, 72 S. Ct. 141, 96 L. Ed. 86; *Com. ex rel. Reese v. Claudy,* supra, 170 Pa. Superior Ct. 488, 87 A. 2d 492.

Our courts have repeatedly said that failure to provide counsel when none is requested, or to advise a defendant that counsel will be assigned to him upon request does not constitute, ipso facto, a denial of due process or other violation of the defendant's constitutional rights in non-capital cases. *Com. ex rel. Reggie v. Burke,* 170 Pa. Superior Ct. 647, 649, 90 A. 2d 385.

In *Com. ex rel. Popovich v. Claudy,* 170 Pa. Superior Ct. 482, 486, 87 A. 2d 489, 491, this Court said: "To invalidate a plea of guilty in noncapital cases by reason of denial of due process arising from failure to provide a prisoner with counsel by the courts of this Commonwealth, the prisoner must establish that for want of benefit of counsel an ingredient of unfairness actively operated in the process that resulted in his confinement [cases cited]. In determining whether that ingredient exists, each case depends on its own facts." See *Betts v. Brady,* 316 U. S. 455, 462, 62 S. Ct. 1252, 1256, 86 L. Ed. 1595, 1602; *Gallegos v. Nebraska,* supra, 342 U. S. 55, 72 S. Ct. 141, 96 L. Ed. 86; *Com. ex rel. Reese v. Claudy,* supra, 170 Pa. Superior Ct. 488, 87 A. 2d 492.

Relator was twenty-nine years of age at the time he pleaded guilty to the offenses with which he was charged. The nature of the proceedings was explained to him at the time he entered the pleas in open court. His previous criminal record included five arrests and four convictions. Not only does his prior criminal record suggest, but his own testimony indicates, a complete awareness of criminal procedure and an understanding of his pleas. His testimony fails to establish any overreaching or deception by the police or other prosecuting officials, or that he was denied, as the result of the absence of counsel, the essentials of justice.

There was little, if any, contradiction in the testimony presented at the hearing on relator's petition at which all available material witnesses testified. In any event, the credibility of the witnesses was for the hearing judge to determine. *Com. ex rel. Reese v. Claudy,* supra, 170 Pa. Superior Ct. 488, 497, 498, 87 A. 2d 492; *Hawk v. Olson,* 326 U. S. 271, 278, 279, 66 S. Ct. 116, 90 L. Ed. 61, 67.

Under the Act of May 25, 1951, P. L. 415, §7, 12 PS §1907, an appeal may be taken as in other cases from an order made pursuant to a hearing on a writ of habeas corpus. Prior thereto this Court considered the scope of our review in *Com. ex rel. Mattox v. Superintendent of County Prison,* 152 Pa. Superior Ct. 167, 31 A. 2d 576, and *Com. ex rel. Master v. Baldi,* 166 Pa. Superior Ct. 413, 419, 72 A. 2d 150. Previous to the Act of 1951, no provision was made for an appeal from an order in a habeas corpus proceeding except where the custody of children was involved. As an appeal may now be taken as in other cases, our review of the record is to determine whether it legally and factually supports the order from which the appeal has been taken, and that the judge has not exceeded his legal discretion. The findings of fact of the hearing judge, supported by substantial, competent evidence, will not be disturbed in the absence of manifest error.

The present record discloses that careful consideration was given to relator's belated petition for writ of habeas corpus; that an extended hearing was held at which relator was given full opportunity to establish his averments; and that the hearing judge in his opinion gave a detailed and comprehensive review of the proceedings which clearly warrant the refusal of a writ of habeas corpus.

Appeal is quashed.