Commonwealth ex rel. Kephart, Appellant, *v.*
Claudy.

Submitted March 17, 1953.   Before RHODES, P. J.,
HIRT, RENO, DITHRICH, ROSS, GUNTHER and WRIGHT,
JJ.

*Paul Silberblatt,* for appellant.

*Joseph A. Dague,* District Attorney, and *Edward V.
Cherry,* Assistant District Attorney, for appellee.

OPINION BY ROSS, J., July 14, 1953:

This is an appeal from an order of the Court of Common Pleas of Clearfield County dismissing a petition for a writ of habeas corpus.

On February 3, 1947, in Clearfield County Court of Quarter Sessions, relator pleaded guilty to four bills of indictment: No. 31 February Sessions, 1947, for burglary; No. 32 February Sessions, 1947, for armed robbery with an accomplice and armed robbery with violence; Nos. 33 and 34 February Sessions, 1947, for armed robbery with an accomplice. On each indictment the court sentenced him to a term of from two to five years, sentences to be served consecutively.

In September of 1951 relator escaped from the Rockview Branch of Western Penitentiary. He was re-apprehended and sentenced to an additional term of from two to four years by the Court of Quarter Sessions of Centre County, to No. 4 October Sessions, 1951, on October 24, 1951.

Relator filed two applications for clemency before the Board of Pardons, the first in November 1948 and the second in May 1950. In both applications he affirmed his original pleas of guilty. Neither application was successful.

On January 23, 1952 relator petitioned the Court of Common Pleas of Clearfield County for a writ of habeas corpus. The court appointed counsel to represent relator and on June 6, 1952 a preliminary hearing was held. The court entered an order on June 14 dismissing the petition. Relator appealed to this Court on July 16, 1952, whereupon the District Attorney of Clearfield County and relator's counsel joined in a petition requesting that we remand the matter to the court below in order that relator might be accorded a full hearing. The petition was granted and on October 30, 1952 relator appeared personally before the court below

and presented evidence to support his petition. That court entered an order on November 26, 1952, again refusing the writ and from that order this appeal is taken.

Relator asserts that at the time he committed the offenses for which he was sentenced he was so mentally ill that he could not differentiate between right and wrong; further, that when he pleaded guilty to the charges placed against him he was so mentally confused that he did not know what he was doing. Indeed he states that he now has no recollection whatever of the events of his life from sometime in 1946 until he "regained consciousness" in March 1947 to find himself an inmate of the Western Penitentiary. The record reveals that relator, at the hearing before his original sentences were imposed, was represented by able counsel and testified at some length.

To support these assertions relator produced evidence at the hearing in the form of testimony by his parents and members of his family and documents from the Naval Hospital at which he received treatment in 1945, the Veterans Administration, and the Senior Psychologist at the Western Penitentiary. In sum, this evidence supports the assumption that at the time of his arrest relator was in a psychoneurotic condition. It does not indicate a mental disturbance so severe as to render relator unaccountable for his actions. The Supreme Court said in *Com. v. Neill,* 362 Pa. 507, 514-515, 67 A. 2d 276, 280: "Certainly neither social maladjustment, nor lack of self-control, nor impulsiveness, nor psychoneurosis, nor emotional instability . . . nor all of such conditions combined, constitute insanity within the criminal-law conception of that term."

Judge BELL, who sentenced the relator in 1947 and heard the present petition, found as a fact that relator "was fully aware of the consequences of his acts at the

504

time he entered a plea of guilty". This finding of fact is supported by substantial, competent evidence and will not be disturbed.

What was said by President Judge RHODES in *Com. ex rel. Uhler v. Burke,* 172 Pa. Superior Ct. 108, 115, 91 A. 2d 913, 916, is equally appropriate here: "The present record discloses that . . . an extended hearing was held at which relator was given full opportunity to establish his averments; and that the hearing judge in his opinion gave a detailed and comprehensive review of the proceedings which clearly warrant the refusal of a writ of habeas corpus."

Order affirmed