## Commonwealth ex rel. Hallman, Appellant, *v.* Tees.

Submitted March 23, 1954. Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE and ERVIN, JJ.

*Robert S. Hallman,* appellant, in propria persona.

*Howard L. Criden, Samuel Dash,* Assistant District Attorneys, *Michael von Moschzisker,* First Assistant District Attorney and *Richardson Dilworth,* District Attorney, for appellee.

PER CURIAM, July 13, 1954:
This appeal is from an order of the Court of Common Pleas No. 4 of Philadelphia County (No. 8480,

June Term, 1953) dismissing relator's petition for writ of habeas corpus. This is a belated proceeding instituted by relator nearly thirty years after his trial and conviction of which he now complains.

Relator and three others were arrested on March 19, 1924, and charged with armed robbery. Relator was indicted and tried on April 11, 1924, in the Court of Oyer and Terminer of Philadelphia County on bills of indictment Nos. 1020, 1022, 1024, March Sessions, 1924. He pleaded not guilty to the three bills of indictment, and after a jury trial was found guilty. He was sentenced by the Honorable JAMES G. GORDON, JR., on bill No. 1024, to the Eastern State Penitentiary, for a term of not less than ten years nor more than twenty years; on bill No. 1022 for a term of not less than ten years nor more than twenty years, said sentence to begin at the expiration of sentence on bill No. 1024; on bill No. 1020 for a term of not less than five years nor more than twenty years, said sentence to begin at expiration of sentence on bill No. 1022. The total time to be served was not less than twenty-five years nor more than sixty years.

On April 5, 1937, relator was released on parole. Thereafter, on October 18, 1939, relator, in the same court, pleaded not guilty to bill of indictment No. 625, August Sessions, 1939, charging entering with intent to steal, larceny, and receiving stolen goods. He was tried and found guilty. On April 7, 1941, relator was sentenced to the Eastern State Penitentiary for a term of not less than ten years nor more than twenty years; this sentence was amended on March 20, 1947, to not less than five years nor more than ten years. Relator on October 18, 1939, also pleaded guilty to bill of indictment No. 591, September Sessions, 1939, charging prison breach. Sentence was imposed on May 2, 1941,

for a term of not less than five years nor more than ten years.

Relator seeks to invalidate the original sentences from which he was paroled. He has been returned to the institution twice as a parole violator. Had he behaved himself after parole he would not be obliged to serve the balances of such sentences. Relator is presently serving the unexpired balances of sentences on bills Nos. 1020, 1022, 1024, which, according to the answer of the Warden of the Eastern State Penitentiary, will expire August 14, 1959.

After hearing on the petition for writ of habeas corpus at which relator was present and testified, the petition was dismissed, writ refused, and relator remanded to the Eastern State Penitentiary.

This is not a case where there is any peculiar or pressing need for the granting of a writ of habeas corpus, and there is no reason for a reversal of the court below in dismissing relator's petition. See *Com. ex rel. McGlinn v. Smith*, 344 Pa. 41, 24 A. 2d 1. At the hearing on his petition relator did not establish any element of unfairness in his trial, and the judgment of conviction carries with it the presumption of regularity. He testified that he knew the nature of the charges against him, that he had an opportunity to ask for counsel, that he made no request for counsel, and that he conferred with his family while awaiting trial. Relator also testified that at the trial one of his co-defendants had counsel. The extent of counsel's participation does not appear, but it is a permissible assumption that counsel did not neglect any of the defendants as they were jointly involved in the crimes charged.

Relator, nearly thirty years after his trial and conviction and after having attempted to secure his liberty by other means (escape from prison), now resorts to

the writ of habeas corpus, alleging as grounds therefor that he was not represented by counsel at his trial, and that he was only twenty years of age at the time.

When relator asserts that he was denied due process and challenges his conviction by petition for writ of habeas corpus, the burden of proving the averments establishing such denial is upon him, and the mere assertion of such denial is insufficient. *Com. ex rel. Master v. Baldi,* 166 Pa. Superior Ct. 413, 418, 72 A. 2d 150; *Com. ex rel. Johnson v. Burke,* 174 Pa. Superior Ct. 119, 122, 100 A. 2d 125.

The fact that relator was without counsel at his trial did not, ipso facto, render the proceeding wanting in due process; and the Constitution of our Commonwealth does not require court assignment of counsel to defendants in noncapital cases who are without counsel. *Com. ex rel. Townsend v. Burke,* 361 Pa. 35, 39, 63 A. 2d 77. Moreover, the Federal Constitution does not require a state to furnish defendants with counsel as a matter of course, as is required by the Sixth Amendment in federal prosecutions. *Com. ex rel. Uhler v. Burke,* 172 Pa. Superior Ct. 108, 113, 91 A. 2d 913; *Com. ex rel. Reese v. Claudy,* 170 Pa. Superior Ct. 488, 494, 87 A. 2d 492. Lack of counsel at noncapital trials in state courts constitutes a denial of federal constitutional protection only when the absence results in a denial to the accused of the essentials of justice. *Gallegos v. Nebraska,* 342 U. S. 55, 72 S. Ct. 141, 96 L. Ed. 86, 88, 89; *Com. ex rel. Klinefelter v. Claudy,* 172 Pa. Superior Ct. 287, 290, 93 A. 2d 904. Consequently, the burden was upon relator to establish that for want of benefit of counsel at his trial an ingredient of unfairness actively operated in the process that resulted in his conviction and confinement. *Com. ex rel. Reese v. Claudy,* supra, 170 Pa. Superior Ct. 488, 494, 87 A. 2d 492. Relator at the

habeas corpus hearing did not meet this burden of proof and presented nothing that would entitle him to relief.

Order is affirmed.