## Commonwealth ex rel. Ringer, Appellant, v. Maroney.

Submitted November 16, 1954. Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE and ERVIN, JJ.

*Morgan Atwood Ringer,* appellant, in propria persona.

No one appeared or filed a brief for appellee.

OPINION BY WOODSIDE, J., January 14, 1955:

This is another of the numerous petitions for a writ of habeas corpus by which a prisoner, long incarcerated for a serious offense, now contends he was denied due process at time of sentence primarily because he had no counsel.

The petitioner was sentenced in 1948 in Clinton County on two charges of arson. On the one case he was given 8 to 20 years and on the other 2 to 10 years to run consecutively thus making a total of 10 to 30 years.

In his petition the prisoner alleges that he is illiterate and unschooled, was required to sign confessions not read or explained to him and was peremptorily sentenced to long terms of imprisonment without prior notice of the intended imposition of sentence and without the benefit of counsel.

An answer to the petition was filed, counsel appointed for petitioner and hearing held before President Judge LIPEZ who wrote a comprehensive opinion which detailed the facts of the case and quoted the

applicable law. He concluded that "the Petitioner's testimony is neither clear and convincing, nor credible; and that he has failed to overcome the presumption of regularity in the proceedings to which he was sentenced."

The petitioner had a third grade education and was classified in the penitentiary as a moron. He signed two confessions admitting arson on two different occasions. There was no evidence to warrant any finding that the confessions were improperly obtained. He was brought into court on two different occasions and on at least the first was asked if he desired counsel. He did not.

This was not his first experience with courts, he having been sentenced to the Allegheny Work House on a previous occasion.

The appellate courts of this Commonwealth have said too often to require citation that a defendant's right to be heard by counsel does not require the court to assign counsel in noncapital cases.

The mere fact that an accused is of low mentality and was not assigned counsel upon pleading guilty to a serious offense is not such an ingredient of unfairness as to require the issuing of a writ of habeas corpus.

There is every indication that Judge LIPEZ gave the petitioner a complete hearing and carefully looked into the merits of his case. The court was completely justified in its conclusion.

Order affirmed.