# Commonwealth ex rel. Hallman, Appellant, *v.* Tees.

Submitted September 30, 1955. Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE, and ERVIN, JJ.

*Robert S. Hallman,* appellant, in propria persona.

*Samuel Dash,* District Attorney, *Vincent G. Panati,* First Assistant District Attorney, and *Victor Wright,* Assistant District Attorney, for appellee.

OPINION PER CURIAM, November 16, 1955:

This habeas corpus proceeding was previously before us. After hearing in the Court of Common Pleas No. 4 of Philadelphia County, relator's petition for writ of habeas corpus was dismissed; on appeal the order was affirmed by this Court in *Com. ex rel. Hallman v. Tees,* 175 Pa. Superior Ct. 448, 106 A. 2d 899. The District Attorney of Philadelphia County filed a motion for reargument. We vacated the order entered on July 13, 1954, as of the date of the order for reargument, so that the notes of testimony taken at relator's original trial could be presented to the court below for its consideration.

Upon remission of the record to court below, rehearing was held on April 22, 1955, at the conclusion of which relator's petition was again dismissed. Relator again appeared and testified. The court at that time had before it the trial record which does not disclose any denial of due process.

The order of the court below will be affirmed.

We shall not repeat what we said in *Com. ex rel. Hallman v. Tees,* 175 Pa. Superior Ct. 448, 106 A. 2d 899, which is applicable here.

In his opinion dismissing relator's petition after the second hearing, Judge REIMEL disposed of relator's contentions:

"This is a petition for writ of habeas corpus filed by relator in the Court of Common Pleas No. 4 as of June Term, 1953, No. 8480, on October 1, 1953. On October 16, 1953 after hearing in open court the petition was dismissed and relator was remanded to the Eastern State Penitentiary. Relator appealed to the Superior Court of Pennsylvania as of October Term, 1954, No. 59 and in a per curiam opinion filed July 13, 1954 the order of the court below was affirmed. Thereafter, it appearing that the original notes of testimony of relator's trial taken almost thirty years ago had been found the District Attorney of Philadelphia filed a motion for re-argument which was granted and which resulted in the order entered July 13, 1954 being vacated, the petition for the writ of habeas corpus being re-instated and the record remitted to the court below for further hearing, consideration and disposition of the proceeding by appropriate order.

"Following the mandate of the Superior Court of Pennsylvania this Court fixed the hearing on said petition for writ of habeas corpus on April 22, 1955 and after hearing in open court this Court dismissed the petition and remanded the relator to the Eastern State Penitentiary. . . .

"Relator asserts that he was denied due process because he was not represented by counsel at his trial. He testified that although he was unable to obtain the services of counsel at his trial he made no objection to the trial judge nor did he make any statement with reference to or by way of request for counsel. Relator was one of three defendants tried before the late Judge JAMES GAY GORDON, JR., and a jury for the commission of a series of robberies in which all three were involved. The late Everett Schofield, an eminent criminal lawyer, represented one of the defendants at this joint trial of all three.

"The Constitution of the Commonwealth of Pennsylvania does not require the assignment of counsel to those who are without counsel in non-capital cases: Com. ex rel. McGlinn v. Smith, 344 Pa. 1 [24 A. 2d 1]; Com. ex rel. Townsend v. Burke, 361 Pa. 35, 39, 63 A. 2d 77; Com. ex rel. Reggie v. Burke, 170 Pa. Superior Ct. [647, 649, 90 A. 2d 385]; Com. ex rel. Hovis v. Ashe, 165 Pa. Superior Ct. 30 [67 A. 2d 770].

"The right to counsel in a non-capital case in the Courts of this Commonwealth is secured under the Fourteenth Amendment to the Constitution of the United States when, and only when, the absence of counsel results in prejudice and unfairness: Com. ex rel. Popovich v. Claudy, 170 Pa. Superior Ct. 482, 487, 87 A. 2d 489, 491; Betts v. Brady, 316 U. S. 455 62 S. Ct. 1252, 86 L. Ed. 1595; Foster v. Illinois, [332 U. S. 134, 67 S. Ct. 1716, 91 L. Ed. 1955].

"The burden is upon the relator to establish that because of his inability to obtain counsel to represent him at his trial an ingredient of unfairness actively operated in the process that has resulted in his conviction and subsequent confinement. The relator at the hearing and rehearing on his petition for writ of habeas corpus did not meet this burden of proof."

Order is affirmed.