Commonwealth ex rel. Henderson, Appellant, *v.* Kruger.

Argued November 18, 1955. Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE, and ERVIN, JJ.

*Leon Rosenfield,* with him *John Patrick Walsh,* for appellant.

*Victor Wright,* Assistant District Attorney, with him *Francis A. Biunno,* Assistant District Attorney, and *Samuel Dash,* District Attorney, for appellee.

OPINION BY ERVIN, J., January 17, 1956:

This is an appeal from the order of the Court of Common Pleas No. 6 of Philadelphia County discharging a rule to show cause why a writ of habeas corpus should not be granted to William Henderson, the relator, and dismissing his petition after an answer had been filed and a hearing held thereon.

The facts are stipulated as follows: William Henderson, Thomas Marney and Eugene Miller were indicted jointly on one bill, No. 585 August Sessions, 1954, charging Assault and Battery and Aggravated Assault and Battery. The case was listed for trial on December 13, 1954 before the Honorable JOSEPH L. KUN.. At the outset of the trial a colloquy took place as follows: "MR. ROBBINS: If your Honor pleases, I represent two of the defendants Miller and Marnie, and I

am ready to present a waiver to the Court, if this is satisfactory. The Court: All right. The third defendant is Henderson. Mr. Robbins: That's right, sir. The Court: You don't represent him. Mr. Robbins: No. By The Court: (to defendant Henderson) Q. Henderson, you are not represented by counsel? A. No, your Honor. Q. The other two defendants, Marnie and Miller, have waived a jury trial and want the Judge to hear it without a jury; are you satisfied to have the case disposed of in the same manner? A. Yes, sir. Q. Well, sign a waiver. (The defendant having been arraigned pleads not guilty and waives a jury trial)."

The three defendants were thereupon tried. Immediately after the testimony was closed, the trial judge sentenced appellant as follows: "With respect to Henderson the sentence of the Court is to serve from 18 months to 3 years in the County Prison at the end of any sentences he is now serving."

The basic question presented in this appeal can be stated as follows: Must a defendant be represented by counsel in order to waive a jury trial under the Act of June 11, 1935, P. L. 319, as amended by the Act of March 24, 1945, P. L. 57, 19 PS §§786, 787?

The Act provides, inter alia, as follows:

"In all criminal cases, except murder and treason, the defendant shall have the privilege, with the consent of his attorney of record, the judge and the district attorney, to waive trial by jury. Such waiver must be in writing, signed by the defendant, and shall operate as an election by the defendant to be tried without a jury.

"When a defendant has waived trial by jury and elected to be tried by a judge without a jury, in accordance with the provisions of the preceding section, any judge of the court, in which the cause is pending wherein a waiver of trial by jury and election to be tried by a judge without a jury is filed, shall have jurisdiction

to hold the trial and shall proceed to hear, try, and determine all issues of law and fact, and to render a general verdict in like manner as if the defendant had put himself upon the inquest or country for trial, and his cause were being tried before a jury, and the said trial judge may, after hearing the case, order the withdrawal or waiver of trial by jury withdrawn, and order and direct that the case be tried before a jury."

Appellant, who was not represented by counsel at the time he waived a jury trial, now contends the trial judge did not have jurisdiction to try him without a jury because there was no "consent of his attorney of record" to his waiver of trial by jury.

The United States Supreme Court has held that a waiver of trial by jury requires the consent of both the prosecution and the court. *Patton v. United States,* 281 U. S. 276, 50 S. Ct. 253, 74 L. Ed. 854. The United States Supreme Court has also held that a defendant could waive trial by jury without the advice of counsel. *Adams v. United States ex rel. McCann,* 317 U. S. 269, 63 S. Ct. 236, 87 L. Ed. 268. See Orfield, Criminal Procedure From Arrest to Appeal, pp. 390-396. Rule 23(a) of the Federal Rules of Civil Procedure[1] provides that: "Cases required to be tried by jury shall be so tried unless the defendant waives a jury trial in writing with the approval of the court and the consent of the government."

As in the Federal Rules the statute here involved requires the consent of the court and the prosecution and

---

[1] Fed. Rules Cv. Proc. Rule 23(a), 18 U.S.C.A. And in the notes of Advisory Committee on Rules it is stated: "The provision for a waiver of jury trial by the defendant embodies existing practice, the constitutionality of which has been upheld. Patton v. United States, 50 S. Ct. 253, 281 U.S. 276, 74 L. Ed. 854, 70 A.L.R. 263; Adams v. United States ex rel. McCann, 63 S. Ct. 236, 317 U.S. 269, 87 L. Ed. 268, 143 A.L.R. 435."

the waiver must be in writing signed by the defendant. It is also necessary under the provisions of the Act to have the consent of the defendant's attorney of record to a waiver of jury trial in order to bring into operation the jurisdiction of the trial court. But to require, as appellant contends in effect, that it is mandatory for a defendant to be represented by counsel in order to make a valid and effective waiver of jury trial would result in an anomalous situation. It is well settled that a defendant's right to be heard by counsel does not require the court to assign counsel in noncapital cases. *Com. ex rel. Ringer v. Maroney*, 177 Pa. Superior Ct. 509, 110 A. 2d 801. As we said in *Com. ex rel. Hallman v. Tees*, 175 Pa. Superior Ct. 448, 452, 106 A. 2d 899: ". . . the Constitution of our Commonwealth does not require court assignment of counsel to defendants in noncapital cases who are without counsel. Com. ex rel. Townsend v. Burke, 361 Pa. 35, 39, 63 A. 2d 77. Moreover, the Federal Constitution does not require a state to furnish defendants with counsel as a matter of course, as is required by the Sixth Amendment in federal prosecutions. Com. ex rel. Uhler v. Burke, 172 Pa. Superior Ct. 108, 113, 91 A. 2d 913; Com. ex rel. Reese v. Claudy, 170 Pa. Superior Ct. 488, 494, 87 A. 2d 492." To require that a defendant in a noncapital case must be represented by counsel in order to make an effective waiver of trial by jury when there is no requirement that he be represented by counsel at the trial or when he enters a plea of guilty would imply there is much greater need for the guidance of counsel in electing to be tried by a judge without a jury than is required in the far more complex trial of a case before a jury.

Convincing refutation of appellant's contention is found in the words of Justice FRANKFURTER in *Adams v. United States ex rel. McCann,* supra, at p. 279: "To

assert as an absolute that a layman, no matter how wise or experienced he may be, is incompetent to choose between judge and jury as the tribunal for determining his guilt or innocence, simply because a lawyer has not advised him on the choice, is to dogmatize beyond the bounds of learning or experience. Were we so to hold, we would impliedly condemn the administration of criminal justice in states deemed otherwise enlightened merely because in their courts the vast majority of criminal cases are tried before a judge without a jury."

To interpret the statute here involved so as to deny to a defendant, not represented by counsel, the statutory privilege of waiver of trial by jury would be not only manifestly unfair to defendants but might well create an unnecessary obstacle to the speedy administration of justice by the resultant unwarranted increase in jury trials. We do not believe the legislature intended such a result. See Statutory Construction Act of May 28, 1937, P. L. 1019, art. IV, §52.

We believe the statute here involved requires the consent of the defendant's attorney of record in order to make effective a waiver of trial by jury only if the defendant is represented by counsel at the time he elects to waive trial by jury. We agree with the conclusion of the court in *People v. Thompson,* 41 Cal. App. 2d Supp. 965, 108 P. 2d 105, involving the interpretation of Article I, Section 7 of the California Constitution requiring the consent of both the defendant and his counsel before a waiver of trial by jury in criminal cases becomes effective. In that case, the court stated: "We have already seen that counsel may be waived by a defendant. In a waiver of a jury he and his counsel, if he have one, must concur. It seems to us, however, that his right to waive counsel carries with it the implication that if he chooses to have none,

he alone may do for himself that which he and his counsel together might do."

Appellant also contends the proceedings in the court below are in violation of the due process provisions of the Federal and State constitutions. The basis of appellant's argument, as stated in his brief, is that "a defendant at the mercy of a judge having the power to impose sentence on him is in no real position to form a sound judgment with respect to a waiver of his fundamental rights."

It is well settled that failure to provide counsel when none is requested or to advise a defendant that counsel will be assigned him upon request does not constitute, ipso facto, a denial of due process or other violation of a defendant's constitutional rights in non-capital cases. *Com. ex rel. McGlinn v. Smith,* 344 Pa. 41, 24 A. 2d 1; *Com. ex rel. Townsend v. Burke,* 361 Pa. 35, 63 A. 2d 77; *Com. ex rel. Hovis v. Ashe,* 165 Pa. Superior Ct. 30, 67 A. 2d 770, affirmed 364 Pa. 81, 70 A. 2d 630, certiorari denied 339 U. S. 970, 70 S. Ct. 990, 94 L. Ed. 1378; *Com. ex rel. Miller v. Maroney,* 179 Pa. Superior Ct. 305, 116 A. 2d 755.

In the instant case the stipulated facts disclose there was no objection made by the defendant that he was without counsel at the time he elected to waive trial by jury. The defendant made no statement with reference to or by way of a request for counsel. There is no allegation of unfairness on the part of the trial judge. He did not urge, order or direct the defendant to waive trial by jury but merely asked if he were satisfied to have the case disposed of in the same manner as the other two defendants who, acting through counsel, had waived trial by jury.

The burden is upon one who avers denial of due process because of failure to provide counsel for him to prove that for want of benefit of counsel an ingredi-

ent of unfairness operated in the process that resulted in his confinement. *Com. v. Kadio*, 179 Pa. Superior Ct. 196, 115 A. 2d 777. There is no showing of any unfairness in the proceedings in this case when the defendant elected to waive a jury trial. The burden has not been met.

Order affirmed.