## Commonwealth ex rel. Keller v. Myers

FULLAM, J., September 16, 1960.—Relator pleaded guilty to a series of burglary charges and on May 3, 1957, was sentenced by the late Judge Rubin, to serve not less than two and one half nor more than five years, computed as commencing on January 11, 1957. He nows asks to be released upon a writ of habeas corpus, but his petition does not set forth anything which even approximates grounds for such relief.

Relator does not suggest that he was not in fact guilty of the offenses charged, nor does he suggest that his pleas of guilty were improperly or improvidently entered. The sole reason stated in the petition is that the hearing after his pleas had been entered occurred immediately after the court appointed an attorney to represent him. This procedure is alleged to have violated his constitutional rights.

Since this was not a capital case, there was no constitutional requirement that counsel be appointed at all, even if relator had denied his guilt and demanded a trial: Commonwealth ex rel. Hallman v. Tees, 175 Pa. Superior Ct. 448; Commonwealth ex rel. Ringer v. Maroney, 177 Pa. Superior Ct. 509, certiorari denied, 350 U. S. 916, 76 S. Ct. 202, 100 L. Ed. 803; Commonwealth v. Peters, 178 Pa. Superior Ct. 82; Commonwealth ex rel. Henderson v. Kruger, 180 Pa. Superior Ct. 374; Commonwealth ex rel. Colwell v. Myers, 182 Pa. Superior Ct. 256, certiorari denied, 353 U. S. 914, 77 S. Ct. 674, 1 L. Ed. 2d 668. Clearly, in view of his guilty pleas, relator would have had no grounds for complaint had no appointment of counsel been made in this case, under all of the circumstances. The fact that counsel was appointed, as an additional safeguard to relator's rights, can surely not constitute cause for present complaint.

Moreover, the petition does not suggest that any request for postponement of the hearing was made by any one, nor is anything shown by which it might

even be surmised in the vaguest way that relator was at all prejudiced by the timing of the hearing.

Because, accepting as true each and every averment in the present petition, there would be no basis for relator's discharge, a hearing on the present petition is unnecessary. The petition shows on its face its total lack of merit.

As a further safeguard in this matter, we have carefully reviewed the original records of the proceedings in question, to ascertain whether there might be grounds for relator's complaint of lack of due process which a more skillfully drawn petition might have presented. We have found none. In point of fact, the hearings following relator's guilty pleas and preceding the sentences complained of occurred on two different dates several days apart; relator's signed confessions were introduced, and relator himself fully and freely testified as to his guilt on all charges, and it is apparent from a reading of the transcript that his court-appointed counsel were quite familiar with the circumstances surrounding the various offenses and also the various factors in relator's background which might be considered in mitigation of the penalty.

*Order*

And now, September 16, 1960, the petition for writ of habeas corpus is dismissed.