Commonwealth ex rel. Pitchcuskie, Appellant,
*v.* Banmiller.

Submitted December 15, 1960. Before RHODES, P. J., GUNTHER, WRIGHT, WOODSIDE, ERVIN, WATKINS, and MONTGOMERY, JJ.

*Stanley Pitchcuskie,* appellant, in propria persona.

*Peter F. Cianci,* Assistant District Attorney, and *Frederick O. Brubaker,* District Attorney, for appellee.

OPINION BY WOODSIDE, J., March 22, 1961:

This is an appeal from the order of the Court of Common Pleas of Berks County dismissing a petition for a writ of habeas corpus brought by a prisoner to secure his release from a state penal institution.

On September 21, 1942, the relator was sentenced in Berks County on a charge of burglary to a term of ten to twenty years in the Eastern State Penitentiary. He was paroled in 1951, but returned to the penitentiary (now State Correctional Institution) as a parole violator March 30, 1960, after having been convicted in New York on a charge of robbery of the second degree.

Relator and two others were charged in Berks County with breaking into a garage and stealing an automobile. The petitioner was 22 years of age at the time. He had first pleaded not guilty to the charge of burglary, but before the trial, he changed his plea to guilty.

The appellant now seeks release by way of a writ of habeas corpus on the basis that failure of the court to appoint counsel for him at the time of the entry of his plea and sentence resulted in substantial prejudice to him.

A defendant's right to be heard by himself and his counsel, guaranteed by Art. I, §9, Pa. Constitution, does not require the court to assign counsel to persons pleading guilty to noncapital offenses. *Commonwealth ex rel. Ringer v. Maroney,* 177 Pa. Superior Ct. 509, 110 A. 2d 801 (1955). To invalidate a plea of guilty in a noncapital case by reason of denial of due process of law arising from a failure to provide a prisoner with counsel, the prisoner must establish that an ingredient of unfairness actively operated in the process that resulted in his confinement. *Commonwealth ex rel. Johnson v. Burke,* 174 Pa. Superior Ct. 119, 121, 100 A. 2d 125 (1953).

The petitioner does not allege that he requested the court to appoint counsel for him, but asserts that he had no knowledge that the court would appoint counsel. One of his two codefendants had court appointed counsel. The defendant represented by counsel received a shorter sentence than appellant, but a longer sentence than the other codefendant. There are no allegations contained in the petition for the writ of habeas corpus which indicate any ingredient of unfairness which operated against the defendant by virtue of his failure to be represented by counsel.

Order affirmed.