Commonwealth ex rel. Shimko v. Maroney

*Frank D. Shimko*, p. p., relator.

CUMMINS, J., December 28, 1961.—Frank D. Shimko, relator, forwarded by mail to this court a petition for a writ of habeas corpus. The same was ordered filed. We have examined the same and find it is without merit. Relator is now confined at the State Correctional Institution at Pittsburgh, Pa., and alleges that he is now illegally and unlawfully held as a prisoner in the above institution by virtue of an illegal and unlawful conviction, entered in the Court of Quarter Sessions, in and for the County of Washington, Pennsylvania, at cases nos. 202, 203, 204, 205 and 206, September term, 1959. He alleges further that the illegal and unlawful conviction and imprisonment is in violation of and contrary to the Constitution of the United States and of the State of Pennsylvania.

He complains further that on "July 20, 1959, he plead guilty without being advised of his rights, or of the seriousness of the numerous charges, or the meaning of the consequences of the pleas, and it was the understanding that the plea of guilty would be construed by the court, as 'Being entered in the spirit of co-operation,' and that it would doubtless 'Prevail upon the court's decisions' in the case with this in mind and petitioner's ignorance of legal proceedings in hand,

he, the petitioner, upon being asked, that he would proceed without benefit of counsel. At the time the petitioner was totally ignorant that he was thus denying himself a constitutional right, which, under the due process clause is undeniable. He avers that since he is not educated in matters pertaining to the bar, and is therefore disqualified of responsibility in the subject issue, that responsibility then must lay with the trial court, it is now even to your relator glaringly evident that the court find it expedient to dismiss this responsibility, and it is also clear in what 'Spirit' the court proceeded. The court entered convictions on all the charges and imposed penitentiary sentences. Petitioner feels and strongly avers, justice has not been served."

It is true that the relator was sentenced to the State Correctional Institution at Pittsburgh, Pa., on his pleas of guilty to several charges of burglary and larceny, and since the relator has made certain allegations, which we have already said are without merit, we go to the record made by the court at the time the relator and other defendants were sentenced, which show the following:

1. Each defendant, including the relator, at the call of his name identified himself.

2. Each defendant, including relator, was asked by the assistant district attorney if they had advised him of their desire to enter various pleas of guilty to charges of burglary and larceny and their answer was yes.

3. Each defendant, including relator, was asked the following questions: (a) Are each of you willing to waive your right to have this case heard before the grand jury? All the defendants answered yes. (b) Do any of the three of you wish to have an attorney appointed for you? All the defendants answered no. (c) Do any of the three of you have an attorney? The defendants answered no.

The record shows further that as each indictment was read by the assistant district attorney to the defendants containing the nature of the charges contained in the various counts of the indictments, each defendant, including relator, was asked the following questions: (1) Are you willing to waive your right to have this case heard before the grand jury? Each defendant answered yes. (2) Are you willing to enter this plea without the benefit of an attorney? Each defendant answered yes. (3) Are you willing to enter a plea of guilty to these counts of burglary and larceny. Each defendant answered yes.

The record further shows that Officer Lesch in the presence of all the defendants, including relator, gave a detailed account of his investigation and arrest of these defendants. Defendants made no complaint to the officer's report.

The record further shows that in some of the indictments the value of the property taken was corrected by an amendment approved by the assistant district attorney and defendants, including the relator, were asked if they objected, and they answered no.

These defendants, including relator, before they were sentenced were asked by the court if they had anything to say, and each answered no.

Relator has a prior criminal record, having been before the courts on other occasions, and has had some experience with court procedure. He was 26 years of age at the time he was sentenced on his pleas of guilty to the charges in question. So, relator was not in his teens; he was experienced in the commission of crimes and he was as said above, acquainted with court procedure. There is no doubt in the mind of the sentencing judge and the writer of this opinion that relator was not as ignorant of his rights as he claims to have been in his petition for a writ of habeas corpus.

At the time relator was sentenced he stated he did not desire assistance of counsel and refused the same. Had he so requested, we would not have hesitated to comply with his request, and appointed an attorney for him. This we have not failed to do in any case.

What the Superior Court said in the case of Commonmonwealth ex rel. Reese v. Claudy, 170 Pa. Superior Ct. 488, 494, is applicable:

"We repeat that the Due Process Clause of the Fourteenth Amendment does not imply a categorical right of counsel in every noncapital case in a state court. Betts v. Brady, 316 U. S. 455, 62 S. Ct. 1252, 86 L. Ed. 1595; Foster v. Illinois, 332 U. S. 134, 67 S. Ct. 1716, 91 L. Ed. 1955; Bute v. Illinois, 333 U. S. 640, 68 S. Ct. 763, 92 L. Ed. 986. In Com. ex rel. Popovich v. Claudy, 170 Pa. Superior Ct. 482, 486, 87 A. 2d 489, 491, we said: 'To invalidate a plea of guilty in noncapital cases by reason of denial of due process arising from failure to provide a prisoner with counsel by the courts of this Commonwealth, the prisoner must establish that for want of benefit of counsel an ingredient of unfairness actively operated in the process that resulted in his confinment. [Cases cited.] In determining whether that ingredient exists, each case depends on its own facts.' See, also, Betts v. Brady, 316 U. S. 455, 62 S. Ct. 1252, 86 L. Ed. 1595, and Gallegos v. Nebraska, 342 U. S. 55, 72 S. Ct. 141, 96 L. Ed. 82, as quoted in Com. ex rel. Popovich v. Claudy, supra.

"In determining the necessity to provide counsel as a matter of due process in a state prosecution, the Supreme Court of the United States has considered as factors, inter alia, the gravity of the offense charged, the simplicity or complexity of the issues, the age and mental capacity of the accused, his background, education and experience, his knowledge of law and court procedure, including knowledge gained or presumably

168

gained from previous prosecutions and the degree of protection given accused during the trial appearing from the conduct of the prosecuting officials."

The charges against relator were easily comprehended, and the indictment charges the offenses and the details of the burglary and larceny which were related in open court by the prosecuting officer in relator's presence, and so admitted by him. We fail to see anything in the record of this case indicating that relator could not have understood the situation when he entered a plea of guilty.

In light of the law and the facts of this case, we find that relator's request for a habeas corpus is without foundation or merit, and that his constitutional rights have not been violated. Accordingly, we enter the following

*Order*

And now, December 28, 1961, this matter came on to be heard on petition, and after due consideration thereof, the petition for writ of habeas corpus herein is dismissed.