Commonwealth ex rel. Reichelderfer, Appellant,
*v.* Burke.

Submitted March 23, 1954. Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE and ERVIN, JJ.

*Bruce T. Reichelderfer,* appellant, in propria persona.

*H. F. Bonno,* District Attorney, for appellee.

PER CURIAM, August 30, 1954:

Relator is confined in the Eastern State Penitentiary by virtue of a sentence imposed by the Court of Oyer and Terminer of Northumberland County at No. 1, February Sessions, 1949. The sentence which was for an indefinite term of not less than seven and one-half years nor more than fifteen years was imposed on February 8, 1949, upon a bill of indictment charging statutory rape to which relator had pleaded guilty. On a second bill charging assault and battery, to which relator also pleaded guilty at the same time, the sentence was suspended.

On May 2, 1953, relator filed a petition for writ of habeas corpus in the Court of Common Pleas of Northumberland County. A rule to show cause was issued on May 18, 1953, the return date being June 15, 1953. The court below thereupon appointed counsel for the relator. Oral argument was held before the court, and thereafter the rule to show cause was discharged and the writ refused. This appeal followed.

The question presented by relator on this appeal is limited to whether there was a denial of his constitutional rights when the trial court accepted his plea of guilty to a noncapital charge, relator being unat-

tended by counsel and being a minor at the time the plea was entered.

The petition and answer raised no factual issue requiring a hearing. See *Com. ex rel. Wolcott v. Burke,* 173 Pa. Superior Ct. 473, 98 A. 2d 206. Relator relies on his youth and on being without counsel and not being advised of his right to counsel at the time he pleaded guilty to the charge of statutory rape. Without more this is not prima facie sufficient to show a denial of fundamental fairness or of the essentials of justice. *Com. ex rel. Popovich v. Claudy,* 170 Pa. Superior Ct. 482, 487, 87 A. 2d 489; *Com. ex rel. Reggie v. Burke,* 170 Pa. Superior Ct. 647, 650, 90 A. 2d 385.

The following excerpts from the opinion of President Judge FORTNEY adequately answer relator's contention and argument on this appeal:

"In his petition, relator avers, in support of his contention, that he is being illegally detained,— (1) At the time sentence was imposed, he was without counsel and was not advised as to his right of counsel. It is to be noted he does not contend he was denied the aid of counsel. The notes of testimony taken at the time of sentence indicate the plea was taken in open court, where the relator was asked by the district attorney . . . whether he desired, in the absence of counsel, to reiterate his plea of guilty which he had entered before the alderman in a preliminary hearing. He answered. 'yes sir.' . . . before sentence was passed, relator was asked by the court, 'You realize the seriousness of this offense, do you?' 'A. Yes sir.' Failure to provide counsel when none is requested or to advise a defendant that counsel will be assigned to him, does not constitute, ipso facto, a denial of due process or other violation of the defendant's constitutional rights in non-capital cases. In order to invalidate a plea of guilty in non-capital cases from failure to provide a

prisoner with counsel, it must be established that for want of benefit of counsel an ingredient of unfairness actively operated in the process which resulted in his confinement. Commonwealth ex rel. Uhler vs. Burke, [172 Pa. Superior Ct. 108, 91 A. 2d 913]; Commonwealth ex rel. Swieczkowski vs. Burke, [173 Pa. Superior Ct. 363, 98 A. 2d 229]. In his written confession, voluntarily given, this relator states the sordid details of a heinous crime committed in a most dastardly manner. We suspect he realized, at the time, all any counsel could do for him would be to enter a plea for leniency. We believe he received all the consideration to which he was entitled under the circumstances and no element of unfairness was present in the proceeding.

"(2) The relator additionally contends he was young and inexperienced in the intricacies of criminal procedure. Although he was 18 years old at the time he was sentenced, the record shows he is no novice to the criminal courts. He was committed to the Pennsylvania Industrial School for burglary in 1947 and charged with larceny in 1948. No person, under these circumstances, can claim he was inexperienced with the intricacies of criminal procedure. See Commonwealth ex rel. Swieczkowski vs. Burke, supra. At the time sentence was passed, he was even then on parole from the Pennsylvania Industrial School. . . .

· "Counsel for the relator, at the oral argument, renewed his request to have his client present and proceed with a formal hearing. We overruled the request. In a habeas corpus proceeding when the petition, answer and original record disclose only questions of law or no substantial issue of fact, the only hearing necessary is oral argument to hear relator's views on the legal issues involved. Commonwealth ex rel. Bishop vs. Claudy, [373 Pa. 523, 97 A. 2d 54]. When there are no factual issues requiring the taking of testimony,

it is not necessary that relator be produced in court to be heard on his petition. Commonwealth ex rel. Burge vs. Ashe, [168 Pa. Superior Ct. 271, 77 A. 2d 725]. It would be absurd to have the relator present and conduct a hearing under the circumstances in this case. The most the relator could have done if he were present would have been to impeach the record of the trial court, which is not permissible. Commonwealth ex rel. Chambers vs. Claudy, [171 Pa. Superior Ct. 115, 90 A. 2d 383]."

Order is affirmed.