DISSENTING OPINION BY WRIGHT, J.:

The reasons for this dissent are set forth in my dissenting opinion filed this day in *Dukenfield v. Dukenfield,* 177 Pa. Superior Ct. 215, 110 A. 2d 858, and need not be here restated. I would affirm upon the opinion of Judge MONTGOMERY for the court below.

President Judge RHODES joins in this dissent.

## Commonwealth ex rel. Stewart, Appellant, *v.* Keenan.

Submitted November 10, 1954. Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE and ERVIN, JJ.

The facts are stated in the opinion by LAUB, J., of the court below, as follows:

This is a petition for a writ of habeas corpus by a prisoner confined in the Allegheny County Workhouse. As might be expected in a case where the application is prepared by a layman without the aid of expert advice, the petition is inartistically drawn and partakes of the nature of both a pleading and a brief. Culling the argumentative material from the allegations which properly belong in such a pleading, petitioner's position is seen to be based upon the following three propositions: (1) That subsequent to sentence to the Western Penitentiary the sentence was changed to confinement in the Allegheny County Workhouse. (2) That the sentences imposed were for an indefinite period rather than for a definite period in violation of the alleged requirement that simple imprisonment sentences must be flat and not indefinite. (3) That petitioner was denied the right of counsel at the time of his plea of guilt to the indictments upon which he was sentenced. The first and third of these contentions are entirely unsupported by the record and the second has no legal prop for support.

The record discloses that petitioner, on September 8, 1953, entered separate pleas to four indictments for obtaining money under false pretenses, each indictment covering a separate offense occurring at a time separate from the others or at a different place. The record discloses the imposition of sentence within legislative limits to the Allegheny County Workhouse in each case on the same day as the plea and there is nothing on record indicating an amendment or change in the sentences in any way. The docket also reveals a notation in each case that the defendant was questioned by the

court as to whether he desired counsel to which the answer was "no." The transcript of proceedings at the time of plea, which was also filed of record, shows the following colloquy between the sentencing judge and the prisoner: Q. (By the Court to the defendant) Mr. Stewart, obtaining goods under false pretenses is a serious offense. You understand that? A. Yes. Q. You don't have counsel? A. No, I don't. Q. You understand if you desire counsel we will appoint a lawyer for you without any cost to you? A. In as much, your Honor, as I plead guilty to the charge, I am willing to stand without counsel. Q. All right, just so you understand.

It can thus be seen that the court went much further than the requirements of law and due process in advising the prisoner and in tendering him the free service of counsel. In a non-capital case, except under most unusual circumstances, failure to provide counsel is not a denial of due process, and the burden rests upon the prisoner to allege and prove such circumstances: *Com. ex rel. Johnson v. Burke,* 174 Pa. Superior Ct. 119, 121. No element or ingredient of unfairness is alleged in the petition and, of course, if a hearing were granted none could, under the outlined circumstances, be proved. (See also the detailed discussion of this question in *Com. ex rel. McGlinn v. Smith,* 344 Pa. 41, 49 et sec.).

There is no requirement in law that a flat sentence be imposed in simple imprisonment cases. While such was the case prior to the Act of 1951, September 26, P. L. 1460; 19 PS §1057, that act reposed the discretion in the sentencing judge of fixing either an indefinite or definite sentence which ever may appear proper.

The only remaining question is whether a rule must be granted to the petition and a hearing held thereon. In *Commonwealth ex rel. Elliott v. Baldi,* 373

Pa. 489, 494, 495, Mr. Justice BELL settled this problem definitely and succinctly by the following passage: "Where the petition or application itself, or where the record upon which it is based, or both together, fail to clearly make out a case entitling a relator to the relief afforded by habeas corpus, a hearing is not necessary."

Since the record here definitely and unmistakably refutes each and every contention of the relator, no useful purpose could be served by granting a rule and holding a hearing. The petition will therefore be summarily refused.

No argument was made nor brief submitted for appellant.

*Damian McLaughlin,* District Attorney and *Lindley R. McClelland,* Assistant District Attorney, submitted a brief for appellee.

PER CURIAM, January 14, 1955:

The order of the court below is affirmed on the opinion of Judge LAUB.

Diamond, Appellant, *v.* Drucker.