Commonwealth ex rel. Savage, Appellant, *v.*
Hendrick.

Submitted October 3, 1955. Before RHODES, P. J.,
HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE, and ERVIN,
JJ.

*Charles Savage,* appellant, in propria persona.

*Francis A. Biunno* and *Victor Wright,* Assistant District Attorneys, *Vincent G. Panati,* First Assistant District Attorney, and *Samuel Dash,* District Attorney, for appellee.

OPINION BY HIRT, J., November 16, 1955:

On January 12, 1933, relator was tried and found guilty on three indictments charging armed robbery. He was sentenced on two of the bills to consecutive terms of from 10 to 20 years in the Philadelphia County Prison. The Board of Pardons subsequently commuted the sentences to a total of not less than 10 years 7 months and not more than 30 years, the maximum to expire on January 12, 1963. At the expiration of the minimum commuted sentence, relator was released on parole but while on parole committed another crime, and on conviction was sentenced to imprisonment for a term of three months in the Philadelphia County Prison. On his recommitment to the county prison he, pursuant to the Act of June 22, 1931, P. L. 862, 61 PS §305, was "compelled . . . to serve" the remainder of the term of imprisonment originally imposed "without commutation." The date of the expiration of his maximum term of imprisonment under the original sentences is January 19, 1966, when he will begin the service of the three-months sentence. On his petition for his discharge from custody in the present proceeding a writ of habeas corpus was awarded; after appearance

of the relator before Judge FLOOD on the return day of the writ the petition was dismissed and he was remanded to custody.

Appellant was tried in 1933 by jury before Judge HARRY A. DAVIS, now long since deceased. No notes of the testimony were filed and the assistant district attorney who prosecuted the case has no recollection of the facts. Appellant now for the first time, twenty-two years after the event, asserts that he was tried without "counsel or the assistance of counsel." No excuse is given for the delay; hence on this record he is clearly guilty of laches. Cf. *Com. ex rel. Quinn v. Smith, Warden,* 144 Pa. Superior Ct. 160, 164, 19 A. 2d 504. Appellant does not now contend that he requested counsel in the trial court and that his request was refused and when he appeared before Judge FLOOD in this proceeding he did not raise the question of prejudice from lack of counsel. This relator had the burden of proving facts by clear and convincing evidence which would entitle him to relief. *Com. ex rel. Howard v. Claudy,* 175 Pa. Superior Ct. 1, 102 A. 2d 486. That burden has not been met. There is a strong presumption of regularity in a judgment of conviction for crime and the longer the judgment stands, the stronger the presumption becomes. In Pennsylvania there is no absolute right to counsel in a noncapital case. "The Federal Constitution does not command a state to furnish defendants counsel as a matter of course, as is required by the Sixth Amendment in federal prosecutions. Lack of counsel at state noncapital trials denies federal constitutional protection only when the absence results in a denial to accused of the essentials of justice": *Gallegos v. State of Nebraska,* 342 U. S. 55, 72 S. Ct. 141.

Defendant also contends that since he was sentenced to consecutive terms of imprisonment on two

·convictions of armed robbery, prior to the passage of the Act of June 25, 1937, P. L. 2093, 19 PS §897, he should have been released on parole at the expiration of his minimum sentence on the first bill of indictment found against him. It is difficult to find any relevancy in the contention since he *was* paroled and is now serving the remaining portions of his original sentences as a parole violator. When he was paroled therefore is immaterial. But in any view the contention is without merit since even prior to the above Act a defendant could be made to serve the sum of the minimum sentences on separate charges prior to his release on parole. The granting of a parole was and still is a matter of grace. Cf. *Commonwealth ex rel. Lynch v. Ashe,* 320 Pa. 341, 182 A. 229 and *Commonwealth ex rel. Carmelo v. Smith,* 347 Pa. 495, 32 A. 2d 913 in which it is said that even since the Act of August 6, 1941, P. L. 861, 61 PS §331.1 et seq. giving exclusive jurisdiction of parole to the Parole Board ". . . the minimum sentence is merely an administrative notice by the court to the executive department, calling attention to the legislative policy that when a man's so-called minimum sentence is about to expire, the question of grace and mercy ought to be considered and the propriety of granting a qualified pardon be determined."

Appellant was recommitted as a parole violator under the 1941 Act, supra. His final contention is that since the adoption of the Act came after his commission of the crimes, the Act is ex post facto legislation as to him and he is not bound by it. A similar contention was raised in *Commonwealth ex rel. Banks v. Cain,* 345 Pa. 581, 588, 28 A. 2d 897 wherein it is said: "The exercise of the power of parole being but an administrative function which does not impinge upon the judicial power of sentencing the accused in conformity with the

law, it follows that the present act may constitutionally be applied to cases where sentences were imposed before its effective date."

This proceeding was properly disposed of in the court below.

Order affirmed.