Commonwealth *v.* Asher, Appellant.

Submitted April 10, 1956. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and CARR, JJ.

*Roy Albert Asher,* appellant, in propria persona.

*William P. Kelly,* Assistant District Attorney and *David C. Wolfe,* District Attorney, for appellee.

OPINION PER CURIAM, July 17, 1956:

The Court of Common Pleas of Cambria County dismissed relator's petition for writ of habeas corpus, without a hearing.[1] This appeal followed.

Relator was charged with aggravated assault and battery upon one Josephine Graham of Ebensburg, Pennsylvania. Following his arrest and hearing before a justice of the peace on October 27, 1955, he was confined in the Cambria County Jail in default of bail. On November 14, 1955, he entered a plea of guilty on bill of indictment at No. 24, December Sessions, 1955, in the Court of Quarter Sessions of Cambria County, charging aggravated assault and battery. He signed his name to the following endorsement on the bill of indictment:

"Nov 14 1955, Roy Asher, the defendant within named, after being advised of my Constitutional right to be represented by counsel voluntarily waive the right to counsel and waive the finding of a True Bill by the grand inquest and enter my plea of 'guilty' to the within charge. The said plea of 'guilty' to have the same force and effect as if the same were entered in open court upon a bill of indictment regularly filed by the grand inquest."

Relator was thereupon sentenced by the Court of Quarter Sessions of Cambria County to undergo im-

---

[1] On appeal this proceeding was captioned, in the Superior Court, Commonwealth v. Ray Albert Asher, at No. 54, April Term, 1956.

In the Court of Common Pleas of Cambria County, the habeas corpus proceeding was entitled, Commonwealth ex rel. Roy Albert Asher v. John McHugh, Warden, at No. 66, March Term, 1956.

The criminal proceeding in the Court of Quarter Sessions of Cambria County was entitled, Commonwealth v. Ray Asher, at No. 24, December Sessions, 1955, but he was sentenced as Roy Albert Asher.

prisonment in the county jail for a period of nine months to two years. He appeared for sentence without counsel and none was appointed in his behalf.

Relator alleges in his petition that the failure of the Cambria County Court to appoint counsel for him was a denial of his constitutional rights and a violation of the Sixth Amendment to the Constitution of the United States and of the Constitution of the Commonwealth of Pennsylvania.

There is no suggestion in relator's petition that he was innocent of the offense to which he entered the plea of guilty. In fact, in his brief filed with this Court, he admitted that he twice struck the victim; but he takes the position that the only evidence of resulting injury was that the woman's face was swollen.

Relator also averred in his petition that he asked the trial court to appoint counsel for his defense and that his request was refused. The court below, in dismissing relator's petition for writ of habeas corpus, stated that as a matter of fact relator did not request counsel. The record confirms the statement of the court below, as relator had signed the endorsement on the bill of indictment to the effect that he had been advised of his constitutional right to be represented by counsel, and that he voluntarily waived said right. See *Com. ex rel. Burkley v. Maroney,* 178 Pa. Superior Ct. 193, 195, 112 A. 2d 661. The court record of a criminal proceeding may not be impeached collaterally on habeas corpus. *Com. ex rel. Paylor v. Claudy,* 173 Pa. Superior Ct. 336, 340, 98 A. 2d 468.

The court below properly disposed of the matter on the petition and the original trial record, as the petition presents no factual allegations for determination of the question raised. *Com. ex rel. Haines v. Burke,* 173 Pa. Superior Ct. 477, 482, 98 A. 2d 208.

A hearing was therefore unnecessary; it would merely afford an attempt to impeach the record of the Court of Quarter Sessions of Cambria County, which cannot be done on such a collateral proceeding. *Com. ex rel. Chambers v. Claudy,* 171 Pa. Superior Ct. 115, 117, 90 A. 2d 383.

In *Gallegos v. Nebraska,* 342 U. S. 55, 72 S. Ct. 141, 96 L. Ed. 86, 94, the Supreme Court of the United States said: "The Federal Constitution does not command a state to furnish defendants counsel as a matter of course, as is required by the Sixth Amendment in federal prosecutions. Lack of counsel at state noncapital trials denies federal constitutional protection only when the absence results in a denial to accused of the essentials of justice." See, also, *Com. ex rel. Klinefelter v. Claudy,* 172 Pa. Superior Ct. 287, 290, 93 A. 2d 904; *Com. ex rel. Uhler v. Burke,* 172 Pa. Superior Ct. 108, 113, 114, 91 A. 2d 913; *Com. ex rel. Reichelderfer v. Burke,* 176 Pa. Superior Ct. 215, 107 A. 2d 578.

Relator did not even allege in his petition that the absence of counsel resulted in a denial of fundamental fairness or of the essentials of justice. Article I, §9 of the Pennsylvania Constitution, PS, does not require the court to provide, in every instance, an accused with counsel in noncapital cases. *Com. ex rel. Geisel v. Ashe,* 165 Pa. Superior Ct. 41, 44, 68 A. 2d 360; *Com. ex rel. Ringer v. Maroney,* 177 Pa. Superior Ct. 509, 511, 110 A. 2d 801.

The proceeding was patently frivolous on a consideration of the whole record.

The order of the court below is affirmed.