## Commonwealth ex rel. Neal v. Banmiller

*Fred C. Pace* and *Joseph A. McKenna*, for relator.

*Robert M. Harris*, District Attorney, for Commonwealth.

CURRAN, J., March 25, 1957.—Paul Neal, a prisoner in the Eastern State Penitentiary, filed a petition for a writ of habeas corpus on January 18, 1957, an answer was filed by the district attorney for this county and a hearing was held before this court.

Relator had pleaded guilty on November 5, 1954, at nos. 801-B, 801-C, November term, 1954, to the charges of burglary, larceny and armed robbery. He was sentenced to imprisonment in the Eastern State Penitentiary for not less than 5 nor more than 10 years on each count, sentences to run concurrently.

The petition was prepared and filed by relator and alleges a number of reasons as to why he is unlawfully detained. However, this court appointed counsel to represent relator in this matter and the issue before this court has been limited to the allegation that relator has been deprived of his constitutional rights to be represented by counsel. Counsel for relator, in their brief, rely mainly on the youth and alleged inexperience of relator, and the nature of the crimes.

Prior to the commission of the crimes for which relator was sentenced to the Eastern State Penitentiary, he had been before the juvenile court a number of times, beginning when he was 15 years of age. When he was 19 years old, he was sentenced to imprisonment for committing the crimes of burglary and larceny.

After serving a portion of the prison sentence he was paroled, and while on parole, along with four other persons, he committed the offenses for which he is presently confined. His four accomplices were apprehended on the same date the offense was committed, October 12, 1954, and pleaded guilty to the same crimes as charged against relator. At the time their guilty pleas were entered, they freely and in open court told of the occurrences that took place at the "Felsburg Store and Lunch" in Minersville, Schuylkill County, on October 12, 1954. At a later date relator was apprehended in Philadelphia, having eluded the police on the date of the offense, and was returned to Schuylkill County where he entered his plea of guilty. At this time he was about 23 years old, was aware of the fact that his accomplices had previously entered guilty pleas and testified concerning the crimes, and he too freely recited the details of the commission of the crimes in open court.

Counsel for relator cite the case of Uveges v. Commonwealth of Pennsylvania, 335 U. S. 437, 69 S. Ct. 184, 93 L. Ed. 127, and rely strongly upon it. However, the present case is properly decided in accordance with the case of Commonwealth ex rel. Popovich v. Claudy, 170 Pa. Superior Ct. 482, 87 A. 2d 489. In that case the court held: "To invalidate a plea of guilty in noncapital cases by reason of denial of due process arising from failure to provide a prisoner with counsel by the courts of this Commonwealth, the prisoner must establish that for want of benefit of counsel an ingredient of unfairness actively operated in the process that resulted in his confinement." The court further held that the factors of youth and inexperience of relator and the seriousness of the crimes do not per se establish any element of unfairness in the proceedings resulting in his confinement. Suffice it to say, relator has failed to meet this burden, and, on the contrary,

the minutes of the court taken at the time the guilty plea was entered indicate that relator was fully aware of his rights and voluntarily waived them without any coercion or promise. The court examined relator as follows:

"Q. And you understand that you have been indicted in this County in 801-B—that is the number of the indictment charging you with burglary and larceny— and 801-C, charging you with armed robbery. Are you aware of that?

"A. Yes, sir.

"Q. You understand that you are entering a plea of guilty?

"A. Yes, sir.

"Q. You are aware of that?

"A. Yes, sir.

"Q. And you are entering a plea of guilty without counsel?

"A. Yes, sir.

"Q. And you are waiving your right to be represented by counsel?

"A. Yes.

"Q. You are fully aware of that?

"A. Yes.

"Q. Doing that voluntarily?

"A. Yes, sir.

"Q. And it is your desire to do that?

"A. Yes, sir.

"Q. The District Attorney's office called my attention to the fact, Mr. Neal, that the bill was not yet presented to the Grand Jury; that, therefore, you are waiving the presentation of the bill and pleading guilty?

"A. Yes.

"Q. You understand that procedure?

"A. Yes.

"Q. In other words, this indictment has not been presented, and you are entering a plea of guilty without presentation to the Grand Jury?

"A. Yes."

Bearing in mind the fact that relator has had prior experience in criminal procedure, it would be impossible to say that at the time he pleaded guilty he did not understand and realize what he was doing. It is not necessary, in this case, to rely on the presumption that the proceedings were regular and that the court properly performed its duty to relator regarding his right to counsel, for it is evident from the minutes of the court that the court did as a matter of fact properly perform its duty in all respects. Nowhere in the testimony taken at the hearing on this petition does relator show that he was not actually aware of what he was doing or that he did not understand, nor does he show in any way that he was prejudiced by his lack of counsel or dealt with unfairly.

See also Commonwealth ex rel. Reichelderfer v. Burke, 176 Pa. Superior Ct. 215, 107 A. 2d 578; Commonwealth ex rel. Herman v. Claudy, 176 Pa. Superior Ct. 387, 107 A. 2d 595; Commonwealth v. Kadio, 179 Pa. Superior Ct. 196, 115 A. 2d 777; Commonwealth ex rel. Hallman v. Tees, 179 Pa. Superior Ct. 490, 118 A. 2d 273.

The language of the court in Commonwealth ex rel. Popovich v. Claudy, supra, is most fitting in summing up the present situation: "Relator was given an opportunity to become a law-abiding member of society when he was paroled . . . If he had behaved himself properly thereafter, he would not have been subjected to any further imprisonment. However, he violated his parole by . . . . . further criminal activities. From an examination of the record and a consideration of the facts before us, relator has failed to show any denial

of due process in the procedure that resulted in his confinement."

And now, March 25, 1957, the petition for a writ of habeas corpus is dismissed and the rule to show cause allowed thereon is discharged.

And now, March 25, 1957, upon motion of Fred C. Pace and Joseph A. McKenna, Esqs., counsel for relator, an exception is noted.