## Commonwealth ex rel. Dunkle, Appellant, *v.* Cavell.

Submitted April 11, 1957. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*Charles Dunkle*, appellant, in propria persona.

*Herbert J. Johnson, Jr.*, District Attorney, and *Richard V. Scarpitti*, Assistant District Attorney, for appellee.

OPINION BY GUNTHER, J., June 11, 1957:

This is an appeal from the dismissal of relator's petition for writ of habeas corpus without a hearing by the Court of Common Pleas of Erie County.

Relator was charged with the crimes of burglary and aggravated assault and battery and was tried therefor on February 21, 1956. During the entire course of the trial, he was present in court and represented by counsel. On February 22, 1956, he was found guilty on both indictments and the court deferred sentence until March 8, 1956, at which time he was sentenced on both indictments to a term of imprisonment in the Western State Penitentiary of from five to fif-

teen years to be served concurrently. His contention is that the docket entries for February 22, 1956 and March 8, 1956 do not show that his counsel was present in open court, and, therefore, he was not present; and that such a failure violates the due process clause of the Fifth and Fourteenth Amendments of the United States Constitution. However, the affidavit of his counsel, filed of record in the office of the clerk of court definitely states that he was present on both dates above referred to.

Based upon this record, the court below dismissed relator's petition without a hearing. On this appeal, he contends that since he raised a question of fact in his petition, he should have been given a hearing to determine whether he was correct in his contention. He does not contend in his petition that he was innocent of the charges upon which he was sentenced; that he was not protected in all of his basic rights; that the alleged failure of noting the presence of his counsel on the docket entries prejudiced him in any manner, or that he was deprived of any of the essentials of justice. He merely contends that this omission of noting the presence of his counsel at the time the verdict was received and at the time he was sentenced ipso facto entitles him to a hearing on a writ of habeas corpus and the granting of the writ.

In *Commonwealth ex rel. Paylor v. Johnston,* 180 Pa. Superior Ct. 228, 119 A. 2d 562, Judge HIRT, speaking for this Court, said: "Where a petition fails 'to clearly make out a case entitling a relator to the relief afforded by habeas corpus, a hearing is not necessary': A relator's petition for habeas corpus must be self sustaining, and specifically must aver facts which will entitle him to an award of the writ and a hearing upon it. Here the petition pleads only a conclusion and in the absence of averment of facts *which if true*

would entitle relator to relief the lower court was justified in dismissing his petition without a hearing." (Emphasis supplied)

The court below properly dismissed the application on the basis of the original trial record and the contents of the petition. Where the petition itself, or where the record upon which it is based, or both together, fail to clearly make out a case entitling a relator to the relief afforded by habeas corpus, a hearing is not necessary. *Commonwealth v. Asher*, 181 Pa. Superior Ct. 80, 124 A. 701; *Commonwealth ex rel. Stewart v. Keenan*, 177 Pa. Superior Ct. 223, 110 A. 2d 921. In view of the record showing the assistance and presence of counsel, in the various stages of the proceedings, it would be superfluous to extend the discussion on questions of the necessity for counsel and the circumstances under which counsel should be furnished.

The order of the court below is affirmed.