Commonwealth ex rel. Taylor, Appellant, *v.*
Keenan.

Submitted October 10, 1957.   Before RHODES, P. J.,
HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WAT-
KINS, JJ.

*William R. Taylor,* appellant, in propria persona.

*Frank A. Orban, Jr.,* District Attorney, for appellee.

OPINION BY WATKINS, J., November 12, 1957:

The Court of Quarter Sessions of Somerset County dismissed relator's petition for writ of habeas corpus without a hearing. This appeal followed.

Relator was charged with several crimes, including forgery and passing forged checks which are the subject of this appeal. The information was dated April 17, 1956 on which date he was arrested, and at a hearing before a Justice of the Peace plead guilty, and in default of bail, was committed to the County jail.

On May 5, 1957 the relator entered a plea of guilty on bill of indictment No. 41, February Session, 1956 charging forgery and passing forged checks. The following endorsement appeared on the back of the bill of indictment. "May 5, 1957 the defendant within named, after being advised of my Constitutional right to be represented by counsel, voluntarily waive the right to counsel and also waive the finding of a True Bill by the grand inquest and enter my plea of 'guilty' to the within charge. The said plea of 'guilty' to have the same force and effect as if the same were entered in open court upon a bill of indictment regularly filed by the grand inquest."

Relator was thereupon sentenced by the lower court to undergo imprisonment in the Allegheny County workhouse for a period of not less than two years and not more than three years. The record discloses that the court corrected this sentence on June 4, 1956, within the term time, "by fixing the correct minimum period of incarceration", being simple imprisonment of not less than one and one-half years nor more than three years. Relator's petition for a writ of habeas corpus alleges denial of counsel, refusal to appoint counsel, and illegality of sentence imposed. The other complaints contained in his petition go to other indictments for which he was sentenced on the same day and have no place in this appeal.

There was an answer filed by the District Attorney in this case and after consideration of the petition and answer, the court below denied the writ without hearing. "But it would be absurd to suppose that the Legislature intended to direct the taking of testimony when there is no issue of fact to be decided or when the facts averred by relator, even if believed, are insufficient to warrant granting the writ of habeas corpus." *Com. ex rel. Bishop v. Claudy*, 373 Pa. 523, 527, 97 A. 2d 54 (1953).

There is no allegation in relator's petition that he was innocent of the offense to which he entered his plea of guilty. He contends only that his constitutional rights were violated by denial of counsel and refusal to appoint counsel. He certainly attempts to impeach the court record which clearly discloses, over his signature, that he was advised of his constitutional rights to be represented by counsel. The District Attorney in his answer stated that the indictment, with the endorsement, was read to him and that he examined it before signing. That he was advised that he had a right to counsel and declined counsel. The court record of a

criminal proceeding may be not impeached collaterally on habeas corpus. *Com. v. Asher,* 181 Pa. Superior Ct. 80, 124 A. 2d 701 (1956).

Cases do hold that where the relator has come to trial; where he has faced his accusers; where witnesses are examined and cross-examined; where the record is silent about counsel, except to show that relator represented himself; and where no answer has been filed and the writ dismissed without hearing; that the constitutional guarantee to be heard by counsel demands that the case be remanded for hearing to establish or disprove the alleged fact. *Com. ex rel. Wagner v. Tees,* 174 Pa. Superior Ct. 475, 101 A. 2d 770 (1953).

In the instant case the record negatives relator's assertion that he had been refused counsel, since it shows he waived his right to counsel, after having been advised as to his rights. And here, it was a plea of guilty, and it has been held that such a plea may be taken from an uncounseled defendant. *Com. ex rel. Hovis v. Ashe,* 165 Pa. Superior Ct. 30, 67 A. 2d 770 (1949). The plea here was taken prior to action by the grand jury and after a waiver of a true bill by the grand jury. It has been held that a petition for a writ of habeas corpus cannot be used to attack the sufficiency or regularity of proceedings prior to the grand jury's true bill. *Com. ex rel. Gaurich v. Keenan,* 181 Pa. Superior Ct. 619, 124 A. 2d 144 (1956).

The facts in this case are almost identical with the facts in *Com. v. Asher,* supra, where this Court said, at page 82, "The court below properly disposed of the matter on the petition and the original trial record, as the petition presents no factual allegations for determination of the question raised. Com. ex rel. Haines v. Burke, 173 Pa. Superior Ct. 477, 482, 98 A. 2d 208. A hearing was therefore unnecessary; it would merely afford an attempt to impeach the record of the Court of

Quarter Sessions of Cambria County, which cannot be done on such a collateral proceeding. Com ex rel. Chambers v. Claudy, 171 Pa. Superior Ct. 115, 117, 90 A. 2d 383."

As to the complaint of the relator concerning sentence, the lower court, by order dated June 4, 1956 within term time, amended his prior sentence "by fixing the correct minimum period of incarceration." The court has the power to modify or amend its sentence any time during the same term. *Com. ex rel. Holly v. Ashe,* 368 Pa. 211, 82 A. 2d 244 (1951); *Com. ex rel. Young v. Day,* 180 Pa. Superior Ct. 276, 119 A. 2d 559 (1956). The order was a reduction of the minimum sentence and it inured to the relator's benefit. *Com. ex rel. Clawges v. Claudy,* 173 Pa. Superior Ct. 410, 98 A. 2d 225 (1953). The petition raised no substantial issues of fact and the lower court properly dismissed the petition without hearing. *Com. ex rel. Gaurich v. Keenan,* supra.

The order of the court below is affirmed.