## Commonwealth ex rel. Faulde v. Banmiller

*Pasquale Faulde*, p.p., for relator.
*Benjamin H. Renshaw, Jr.*, contra.

REIMEL, J., February 20, 1958.—This matter comes before the court on relator's petition for a writ of habeas corpus.

Relator entered pleas of guilty to numerous bills of indictment which arose out of a series of burglaries, larcenies and robberies involving the use of firearms. Relator was sentenced to imprisonment in the Eastern State Penitentiary for a period of not less than 20 nor more than 40 years.

The present petition, filed approximately 11 years and 8 months after sentencing, avers a denial of due

process of law and of the right to be heard by counsel.

At the hearing on the petition, relator alleged an offer of lenient treatment if he would plead guilty, but he could not state who made the offer nor did he present any evidence on this point. Further testimony revealed that relator was present in court, heard the charges and understood them to be a series of burglaries. He heard the witnesses testify and involve him in said burglaries, he did not ask for counsel and he admitted that he was involved in most of the burglaries. Relator further testified that he had been in criminal court on two prior occasions wherein he likewise did not ask for counsel and was sentenced to imprisonment on both occasions.

The Federal Constitution does not command a State to furnish counsel to defendants as a matter of course, as required by the Sixth Amendment in Federal prosecutions. Lack of counsel at State trials for noncapital offenses denies Federal constitutional protection only when the absence results in a denial to the accused of the essentials of justice. Article I, sec. 9, of the Pennsylvania Constitution, does not require the court to provide, in every instance, an accused with counsel in noncapital cases: Commonwealth v. Asher, 181 Pa. Superior Ct. 80. The failure to provide counsel when none is requested, or to advise a defendant that counsel will be asigned him upon request, does not constitute, per se, a denial of due process or other violation of a defendant's constitutional rights. To invalidate a plea of guilty in noncapital cases, by reason of denial of due process arising from failure to provide a prisoner with counsel by the courts of this Commonwealth, the prisoner must establish that for want of benefit of counsel an ingredient of unfairness actively operated in the process that resulted in his confinement. In the absence of such ingredient of unfairness, the question of waiver of the right to counsel, understandingly

made, does not require consideration: Commonwealth ex rel. Reggie v. Burke, 170 Pa. Superior Ct. 647.

The factors of youth and inexperience coupled with a serious charge do not, per se, establish an element of unfairness in the proceeding resulting in confinement: Commonwealth v. Kadio, 179 Pa. Superior Ct. 196, certiorari denied, 350 U. S. 1001. Likewise, the previous experience of defendant in criminal proceedings is pertinent in ascertaining whether he was aware of the gravity of the offenses and was competent to protect his legal and constitutional rights: Commonwealth ex rel. Richter v. Burke, 175 Pa. Superior Ct. 255 certiorari denied, 348 U. S. 850. Relator was 21 years old when he entered his pleas. He had previous experience in the criminal courts. He knew the nature and seriousness of the crimes to which he confessed his guilt. Relator was not prejudiced by the failure of the court to appoint counsel, nor was there any ingredient of unfairness which would invalidate his pleas of guilty: Commonwealth ex rel. Robinson v. Cavell, 185 Pa. Superior Ct. 52.

It was incumbent upon relator to produce evidence that the lack of counsel prejudiced him. This burden cannot be sustained by general, vague, undetailed averments and conclusions unsupported by competent evidence: Commonwealth v. Kadio, supra. Moreover, in a habeas corpus proceeding the judgment carries with it a presumption of regularity which becomes stronger the longer the judgment stands and when one undertakes to overcome it, his evidence should be clear and convincing: Commonwealth ex rel. Savage v. Hendrick, 179 Pa. Superior Ct. 601. Relator has failed to sustain this burden.

There is no suggestion in relator's petition that he was innocent of the offenses to which he entered the pleas of guilty. In fact, he admitted at the hearing on

the present petition that he was involved in most of the burglaries.

Accordingly, relator's petition for a writ of habeas corpus is denied.