**Commonwealth ex rel. Gaerttner v. Myers**

*Donald L. Gaerttner*, for relator.

*Herbert J. Johnson, Jr.*, District Attorney, for respondent.

ROSSITER, J., December 15, 1959.—Before the court, entitled as above, is a petition for a writ of habeas corpus in forma pauperis and a companion petition for subpoena of witnesses and appointment of assisting counsel.

In the history of the case, as set forth in the petition, there is the following:

"In the instant case of 'indictment Robbery, being armed with weapons, and striking and ill-using, True Bill, January 29, 1958, defendant plead guilty February 17, 1958', sentence was pronounced by the Honorable Judge Samuel Y. Rossiter on February 18, 1959, 'for an indefinite term, the minimum of which shall be three (3) years and the maximum of which to be computed from the date of commitment, to-wit: January 26, 1958.'"

According to the foregoing, petitioner's minimum sentence would run until January 26, 1961. It is important to keep this in mind in connection with the first two reasons assigned in the petition which complain of actions of "records officer, Eroline, at the Western State Penitentiary. . . ." What happened there, if assumed to be true as set forth in the first and second reasons, to our way of thinking, would only become available as reasons for the issuance of the writ of habeas corpus after the minimum sentence had been completed and there is a legally erroneous detention thereafter. Therefore, the aforesaid two reasons are premature and moot even if they were meritorious which they are not.

In connection with the alleged alteration of his sentence, as set forth in the first reason, it should be here mentioned that petitioner neglected to note in his present petition that, on the same day as he entered his plea of guilty in the case at no. 172, February, 1958, which has been utilized as the basis for this habeas corpus proceeding, he also entered pleas of guilty to burglary, larceny, receiving stolen goods at nos. 179, 180, 181, February sessions 1958 and a plea of guilty to burglary at no. 182, February sessions 1958. Hence, if the proceedings at no. 172 were entirely void, he still has the commitments against him in all of the other cases just mentioned, in which the sentences were the same as at no. 172, February term, 1958, but to run concurrently.

The third reason contends that petitioner "was tricked by the court appointed attorney, Lawrence R. Nelson, Esq., to plead guilty rather than stand trial" to which was added the statement that petitioner's mother was threatened with bodily harm if she made any statement on behalf of petitioner. . . . In connection with the trickery charge in entering a plea, the petition is silent on any allegation that defendant

was innocent of the crime charged in the indictment to which he pleaded guilty. His only allegation being that "he did not take an active part in the alleged crimes in the instant case . . .," certainly a tacit admission that he had some guilty role.

In connection with the gullibility of Gaerttner in being tricked into entering a plea it may be noted that on August 22, 1956, at nos. 374, 375, 376, 377, 378, 381, 382, at the May sessions 1955 of our court of quarter sessions, this defendant entered seven different written pleas of guilty which are identical in form to the written plea of guilty which he made in the one case from the sentence of which he here seeks release and also identical in form with the four other pleas he entered at the same time as the one at no. 172, February sessions, 1958. Our Superior Court in discussing an analogous situation in Commonwealth ex rel. Reese v. Claudy, 170 Pa. Superior Ct. 495, said:

"With such record it would be impossible for any court to accept his suggestion that he was inexperienced in criminal matters."

By the same token, this court cannot accept the statement of petitioner that he was tricked into entering his plea in the particular case we here have before us, especially in the absence of any factual statements of what the trickery consisted of or how it was perpetrated and, especially too, in view of the fact that Lawrence Nelson is a member of our bar in high standing, both from the point of legal ability and personal integrity.

The fourth reason assigned for the allowance of the writ relates to some alleged controversy over fees between the court-appointed attorney and petitioner and petitioner's mother. This contention is so absurd it will not be further discussed.

Therefore, in conclusion it can be safely stated that this case is well within the rule of Commonwealth

ex rel. Dunkle v. Cavell, 184 Pa. Superior Ct. 198, which states as follows:

"Where the petition itself, or where the record upon which it is based, or both together, fail to clearly make out a case entitling a relator to the relief afforded by habeas corpus, a hearing is not necessary."

*Order*

And now, to wit, December 15, 1959, leave is granted to file petition for writ of habeas corpus in forma pauperis and companion petition for subpoena of witnesses and appointment of assisting counsel and both petitions are refused without hearing.