## Commonwealth ex rel. Johnson v. Myers

*Walter Johnson*, in proprio persona.

*Martin H. Lock*, District Attorney, and *George Gekos*, Assistant District Attorney for Commonwealth.

SHELLEY, J., August 15, 1960.—Petitioner is serving a sentence of imprisonment imposed by this court. He was charged with robbery. When called for trial he pleaded not guilty and waived jury trial. At that time it was indicated to the court that defendant was without counsel and thereupon, although not requested by defendant, the court appointed an experienced member of the Bar of Dauphin County to act as his counsel. Petitioner was found guilty and sentenced to a term of not less than two years nor more than four years in the State Correctional Institution. Petitioner was arrested on September 22, 1959, and the preliminary hearing held the next day, after which he was bound over for the January 1960 sessions of our Court of Oyer and Terminer. He was called for trial on January 14, 1960.

Petitioner has filed, in forma pauperis, petition for writ of habeas corpus alleging that (1) there was not sufficient evidence to support the verdict of guilty, and (2) he was without benefit of counsel at the preliminary hearing and subsequently denied a reasonable time to present a fair and adequate defense.

An examination of the record reveals that petitioner with an accomplice* met two young men in a tavern in the City of Harrisburg. After the tavern closed at 2 a. m. in the morning the four of them went in search of a "speak-easy." They drove about in the neighborhood of Sixth and Verbeke Streets in the City of Harrisburg for some time in a car which belonged to one of the victims. The car was later parked and the four

---

* The accomplice was committed to the Harrisburg State Hospital October 31, 1959; Eddie Jones, a prisoner alleged to be mentally ill, in the Court of Quarter Sessions of Dauphin County, to no. 350, September sessions, 1959.

men proceeded on foot through several alleys to a point where the accomplice seized one of the victims from the rear and said to him that this was a "holdup" and that he had a gun and would shoot if necessary. Petitioner held off the other victim with a knife from going to his friend's assistance. The accomplice robbed the one victim of an amount of money in excess of $22. The money taken consisted of one 10 dollar bill, one five dollar bill, six one dollar bills and a little more than one dollar in change. Thereafter the accomplice took from the other victim his wallet, some change and his car keys. The car keys were later returned to the victim. The police were notified and petitioner was apprehended within a short time in the neighborhood in which the robbery had occurred. At the time of his arrest petitioner was in the company of a girl who, in the presence of petitioner, gave the police a knife with a six inch blade and said petitioner had given it to her to hide. Petitioner at the time did not deny the statement of the girl and later, according to the police, admitted that it was his knife. When searched by the police they found a five dollar bill secreted in one of petitioner's shoes. Petitioner took the witness stand in his own defense and admitted being present when the robbery occurred but denied any complicity in the crime.

Petitioner, as set forth above, filed a petition for a writ of habeas corpus wherein he alleges (1) there was not sufficient evidence to support the verdict of guilty and (2) he was without benefit of counsel at the preliminary hearing and subsequently was denied a reasonable opportunity to present a fair and adequate defense.

The law is well settled in this Commonwealth that a writ of habeas corpus cannot be used as a substitute for a motion for new trial or an appeal, Commonwealth ex rel. Ashmon v. Banmiller, 71 Dauph. 91, 93 (1957).

In that opinion, Judge Royal speaking for our court wrote a well-considered opinion exhaustively reviewing the law in Pennsylvania on this subject. We feel, therefore, that further comment on this subject would be inutile. Habeas corpus is a writ of liberty and not of error and it will issue not for the purpose of correcting errors in a proceeding of court of competent jurisdiction but rather is for the purpose of determining the legality of the restraint.

Article I, sec. 9 of the Constitution of the Commonwealth of Pennsylvania provides:

"In all criminal prosecutions the accused hath a right to be heard by himself and his counsel, to demand the nature and cause of the accusation against him, to meet the witnesses face to face, to have compulsory process for obtaining witnesses in his favor, and, in prosecution by indictment or information, a speedy public trial by an impartial jury of the vicinage; he cannot be compelled to give evidence against himself, nor can he be deprived of his life, liberty or property, unless by the judgment of his peers or the law of the land."

The prerogative granted by this constitutional provision is restricted to a guarantee of the right to be heard, either in his individual capacity or by counsel. It has never been interpreted to require that counsel or legal representation be furnished every defendant in noncapital cases: Commonwealth v. Asher, 181 Pa. Superior Ct. 80 (1956) ; Commonwealth ex rel. Savage v. Hendrick, 179 Pa. Superior Ct. 601 (1955).

The Act of May 31, 1718, 1 Sm. L. 105, sec. 4, 19 PS §783, provides, inter alia, that "Upon all trials of the said capital crimes lawful challenges shall be allowed, and learned counsel assigned to the prisoners, and shall have process to compel witnesses to appear for them upon any of the said trials." The Act of March 22, 1907, P. L. 31, sec. 1, 19 PS §784, provides in detail

how and when counsel for indigent persons charged with homicide shall have counsel appointed to defend them. The Act of 1907, supra, provides that the appointment of counsel shall not be made until after indictment.

The constitutional right to assistance of counsel is not to be confused with the right of a destitute defendant charged with murder to counsel by court assignment at public expense: Commonwealth v. Bryant, 367 Pa. 135 (1951), certiorari denied, Commonwealth v. Bryant, 341 U. S. 954, 79 A. 2d 193, 71 S. Ct. 1007.

The record does not indicate whether or not petitioner was represented by counsel at the preliminary hearing. We will assume for the purpose of this opinion that he was not.

There is no allegation by petitioner to the effect that he did have counsel and was denied the right to have counsel appear for him at the preliminary hearing. The law does not require that a person arrested, even though on a charge of murder, must be provided with counsel as soon as he is taken into custody, or prior to indictment or arraignment: Commonwealth v. Shupp, 365 Pa. 439 (1950). It follows that the same rule of law applies where the offense charged is not a capital crime.

A period of more than three and one-half months transpired between the time defendant was arrested and his trial. If there was any valid reason for a continuance of the trial, it was the obligation of defendant through his counsel to present the matter to the court at that time.

At his trial, petitioner-defendant was represented by very able counsel, and, in our judgment, he had a fair trial in all respects.

To repeat again, the matters he now complains of relate to questions which should and could have been

raised on a motion for a new trial or upon an appeal. We feel sure that had such action in their judgment been warranted petitioner-defendant's counsel would have taken the same.

Petitioner-defendant cannot now raise those questions by way of this writ of habeas corpus. We, therefore, make the following

*Order*

And now, August 15, 1960, the prayer of petitioner for writ of habeas corpus is denied.