Commonwealth ex rel. Gant, Appellant, *v.*
Banmiller.

Submitted March 21, 1961. Before RHODES, P. J.,
ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY,
and FLOOD, JJ.

*John W. Gant,* appellant, in propria persona.

*John F. Hassett* and *Arlen Specter,* Assistant District Attorneys, *Paul M. Chalfin,* First Assistant District Attorney, and *James C. Crumlish, Jr.,* District Attorney, for appellee.

OPINION BY RHODES, P. J., June 15, 1961:

Relator has appealed from the order of Judge WATERS dismissing his petition for writ of habeas corpus. On September 28, 1948, relator pleaded guilty to bills of indictment charging the commission of seventeen burglaries and related offenses. On January 13, 1949, sentence was suspended on all bills except at No. 838, September Term, 1948, on which bill he was sentenced by Judge McDEVITT to serve a term of not less than ten years nor more than twenty years in the Eastern State Penitentiary, now the State Correctional Institution at Philadelphia.

Relator's first petition for writ of habeas corpus was dismissed. His appeal to this Court, No. 172, October Term, 1960, taken more than a year later, was quashed as not having been taken within the statutory limit. His petition for allocatur to the Supreme Court of Pennsylvania, No. 115 A, Miscellaneous Docket No. 12, was denied also as filed beyond the period fixed by statute.

In the present petition relator states that he was arrested in Brooklyn, New York, and returned to Philadelphia to stand trial on burglary charges. The instant petition alleges further that relator was not given a magistrate's hearing; that he was not advised of his rights in extradition proceedings; that there was a lack of counsel in New York; and that he was detained on his return to Philadelphia in a police station for seventy-two hours. It is settled that questions of the sufficiency and regularity of proceedings prior to indict-

ment cannot be raised by a petition for a writ of habeas corpus (*Com. ex rel. Ketter v. Day,* 181 Pa. Superior Ct. 271, 273, 124 A. 2d 163.) unless the relator can show that the alleged irregularities caused the failure of due process (*Com. ex rel. Spader v. Myers,* 187 Pa. Superior Ct. 654, 658, 145 A. 2d 870).

Even if relator had been brought into Pennsylvania without extradition proceedings, he has no standing to question the jurisdiction of the Pennsylvania court to accept a plea of guilty to an indictment regularly found charging crimes committed in this state. *Com. ex rel. Patton v. Tees,* 179 Pa. Superior Ct. 605, 608, 118 A. 2d 585.

The main contention of relator's petition is that he was not represented by counsel at the trial and upon his plea of guilty to the burglary charges. A review of the record does not show any assertion of innocence by relator, or a request for counsel, or any ingredient of unfairness which actively operated in the process leading to his plea of guilty and sentence. In Pennsylvania there is no absolute right to counsel in a noncapital case. *Com. ex rel. Savage v. Hendrick,* 179 Pa. Superior Ct. 601, 603, 118 A. 2d 233. Lack of counsel at state noncapital trials denies federal constitutional protection only when the absence results in a denial to accused of the essentials of justice. *Com. v. Asher,* 181 Pa. Superior Ct. 80, 83, 124 A. 2d 701. The burden is upon the one who avers denial of due process because of failure to provide counsel to demonstrate that for want of benefit of counsel an ingredient of unfairness operated in the process that resulted in his confinement. *Com. v. Kadio,* 179 Pa. Superior Ct. 196, 199, 115 A. 2d 777; *Com. ex rel. Diggs v. Banmiller,* 191 Pa. Superior Ct. 101, 105, 155 A. 2d 402. The court below properly dismissed the petition since it contained no averments cognizable on habeas corpus and did not raise any matters requiring factual determination.

Com. v. Asher, supra, 181 Pa. Superior Ct. 80, 82, 124
A. 2d 701.

The order is affirmed.