Commonwealth *v.* Miner, Appellant.

Submitted June 13, 1961. Before RHODES, P. J., ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

*Donald J. Miner,* appellant, in propria persona.

*Jay L. Benedict, Jr.,* District Attorney, for Commonwealth, appellee.

OPINION BY RHODES, P. J., September 12, 1961:

The defendant filed, in the Court of Quarter Sessions of Franklin County, a petition captioned "Petition for Writ of Error" and dated February 17, 1961. The court below, although stating that the appeal time had long since expired, discussed the merits of defendant's contentions and dismissed the petition.

All petitions for Writ of Error are now taken by means of an appeal. Act of May 9, 1889, P. L. 158, §1, 12 PS §1131. However, if defendant's Writ of Error is directed against the original sentence, as an appeal therefrom almost twenty years from the date of sentence, it was not taken within the prescribed time.[1] Treating his Writ of Error as either a writ of error

---

[1] "No appeal shall be allowed, in any case, from a sentence or order of any court of quarter sessions or oyer and terminer, unless taken within forty-five days from the entry of the sentence or order." Act of May 19, 1897, P. L. 67, §4, as amended, 12 PS §1136: *Com. v. Wynn,* 175 Pa. Superior Ct. 546, 547, 106 A. 2d 647.

coram nobis or as a petition for a writ of habeas corpus, his appeal from the refusal of the petition may be timely. Therefore, in the hope that by discussing the merits we shall forestall future petitions by the same defendant raising the same questions, we shall dispose of his various contentions. *Com. ex rel. Yeschenko v. Keenan,* 179 Pa. Superior Ct. 145, 149, 115 A. 2d 386.

The record indicates that on May 26, 1941, the defendant, then eighteen years of age, was arrested in Chambersburg, Franklin County, for the theft of an automobile. On May 31, 1941, defendant entered a plea of guilty and waived his right to have the bill of indictment presented to a grand jury. Defendant was then sentenced and committed to the Pennsylvania Industrial School at Camp Hill under an indeterminate sentence. Defendant now seeks to set aside the sentence,[2] and assigns as his reasons: (1) That he had not been indicted by a grand jury for the crime aforesaid; (2) that he was not represented by counsel; (3) that he was not advised by anyone that he had a right to be represented; (4) that he did not waive his right to counsel; and (5) that he did not understand the nature of the proceedings against him, and that he was not advised of his right to trial by jury.

Defendant now asserts—nearly twenty years after the event—that he was tried without counsel or the assistance of counsel. No excuse is given for the delay; hence on this record he is clearly guilty of laches. *Com. ex rel. Savage v. Hendrick,* 179 Pa. Superior Ct. 601, 603, 118 A. 2d 233.

There is no question but that the due process clauses of the Sixth and Fourteenth Amendments do not cate-

---

[2] Defendant is presently incarcerated as a fourth felony offender pursuant to the laws of the State of New York under a sentence of fifteen years to life. It appears that this sentence now under examination involved the first of the four felonies giving rise to his present sentence.

gorically prohibit a state from accepting a plea of guilty in a noncapital case from an uncounseled defendant. *Com. ex rel. Reese v. Claudy,* 170 Pa. Superior Ct. 488, 494, 87 A. 2d 492; *Com. ex rel. Gant v. Banmiller,* 195 Pa. Superior Ct. 417, 171 A. 2d 603. To invalidate a plea of guilty in noncapital cases by reason of denial of due process arising from failure to provide a prisoner with counsel by the courts of this Commonwealth, the prisoner must establish that for want of benefit of counsel an ingredient of unfairness actively operated in the process that resulted in his confinement. In determining whether that ingredient exists, each case depends on its own facts. *Com. ex rel. Popovich v. Claudy,* 170 Pa. Superior Ct. 482, 486, 87 A. 2d 489.

Defendant basically relies on his youth and alleged inexperience to establish a denial of due process in the absence of counsel at the time he pleaded guilty to the charge. These allegations of youth and inexperience do not establish per se any element of unfairness or denial of due process. *Com. ex rel. Reggie v. Burke,* 170 Pa. Superior Ct. 647, 650, 90 A. 2d 385.

We fail to see any element of unfairness in the proceeding resulting in defendant's confinement. Applicable to this case is our statement in the *Popovich* case, where we said (page 487 of 170 Pa. Superior Ct., page 491 of 87 A. 2d) : "Nowhere does relator point out how he has been prejudiced or in what respect he suffered disadvantage or was handicapped in pleading to the indictments by reason of lack of counsel. Relator has not advanced, and from our own examination we cannot discover, any reason that would sustain a conclusion that the presence of counsel would have altered the disposition of his case." Defendant did not deny his guilt then, nor does he do so now. In the instant case, as in the *Popovich* case, the ensuing sentence to the Pennsylvania Industrial School at Camp Hill gave

defendant an opportunity for reformation and rehabilitation outside the penitentiary.

The original bill of indictment waiving presentment of the indictment to the grand jury was correctly drawn under the Act of April 15, 1907, P. L. 62, §1, as amended, 19 PS §241. Thus the defendant has waived indictment in accordance with the law and not contrary to the law as he now asserts. See *Com. ex rel. Uhler v. Burke,* 172 Pa. Superior Ct. 108, 112, 113, 91 A. 2d 913.

From an examination of the record and a consideration of the facts before us, defendant has failed to show any denial of due process in the procedure that resulted in his confinement.

The order of the court below is affirmed.