## Commonwealth ex rel. Clouthier v. Maroney

*John J. Clouthier*, p.p.

*Jacques H. Fox*, District Attorney, for respondent.

DIGGINS, J., October 6, 1961.—The relator in the above entitled matter pleaded guilty to multicount indictments charging burglary and larceny. At the time, the relator had similar manifold troubles awaiting him in other counties. At the time the plea was entered, he was told that although these were noncapital offenses, they were felonies and if he would like counsel to be appointed, it would be furnished. He said he was not interested and did not want one, and out of an abundance of precaution, the district attorney then wrote on the indictments, and this appears in the record:

"I have been advised by the trial judge and fully understand that I have the right to have counsel. I do not wish to be represented by and request that counsel shall not be appointed to represent me."

The relator signed the indictments with these notations, whereupon testimony on the plea of guilty was taken, after which the court entered on indictment no. 370, March sessions, 1960, a series of sentences on the various counts therein, each of which sentences required the payment of a fine of $10, costs of prosecu-

tion, and imprisonment in the county prison for a period of not less than six months nor more than one year. There were five such sentences on indictment no. 370, March sessions 1960, and on each one there was ordered restitution as determined by the amount charged in the particular count of the indictment, and on indictment no. 371, March sessions 1960, the relator was also sentenced to pay a fine of $10, costs of prosecution and undergo imprisonment in the county prison for a period of not less than six months nor more than 12 months and restitution was there ordered. This made a total of six separate sentences and these were ordered to run consecutively, and these sentences were passed on March 28, 1960; it was further directed that these sentences were to be served after defendant's release from the Philadelphia County Prison. It appears, however, that although he was being held in Philadelphia, he had not been tried or sentenced. Later, the relator contended that since on March 28, 1960, when the foregoing sentences were imposed, the inclusion on the record of the notation that they were not to begin until after he had served his sentence in Philadelphia constituted an illegal sentence.

This contention was contained in a letter dated August 8, 1960 from the relator, following which the district attorney ordered the case down for resentence and, on September 23, 1960, the sentences were re-imposed, the relator having at that time been sentenced in Philadelphia County.

Thereafter the relator began writing letters, complaining that the resentencing was illegal, and this contention culminated in his filing, in 16 handprinted pages, what he terms a "petition for writ of habeas corpus," and he mailed the petition to the clerk of quarter sessions court. This caused a delay because such petitions are filed in the court of common pleas. Later the relator complained to the Supreme Court

that he had filed the petition and no action had been taken thereon. This led to a search and the petition was found in the office of the clerk of quarter sessions, whereupon we ordered it filed in the common pleas court and sent to the district attorney for study. This has been done and the matter is now before us for disposition.

As usual, we have overlooked the multitudinous deficiencies in the petition and the ridiculous verbosity therein contained, and will decide the case on the merits. Distilled from this document, the relator raises two questions:

1. The court was without jurisdiction to resentence the relator after the term of court had expired.

2. Relator was not represented by counsel at the time of resentencing nor was he asked if he desired counsel.

As to the first question, there appears to be no merit in the relator's contention. In the case of Commonwealth ex rel. Paige v. Smith, 130 Pa. Superior Ct. 536, quoted with approval in Commonwealth v. Downer, 161 Pa. Superior Ct. 339, 342, the court said:

". . . where an order originally entered by the court is a nullity because the court had no jurisdictional authority to so act, the court may subsequently, even after expiration of the term, revoke the invalid order and impose a legal sentence in conformity with law."

In Commonwealth, ex rel. Brockway v. Keenan, 180 Pa. Superior Ct. 78, it was held:

"If a sentence is found to be void, as opposed to merely voidable, the defendant is regarded as having never been legally sentenced, and in such case the court may, even after expiration of the term, revoke the invalid sentence constituting a nullity, and impose a proper sentence."

Therefore, the court had the right to properly sentence this relator after the original term had expired.

As to the relator's second contention that it was a violation of due process to be resentenced without the assistance of counsel, this sentence was, of course, imposed after the relator had pleaded guilty, and this plea of guilty had been entered and accepted by the court only after the relator had been offered counsel and refused it on the record. There was no necessity whatever for counsel in the resentencing, nor was any request made, nor indeed was it necessary under the law to have tendered legal assistance in the first instance even though it was done. As was held in Commonwealth ex rel. Bollinger v. Myers, 55 Lanc. 251, and affirmed by the Superior Court in 185 Pa. Superior Ct. 160:

"The acceptance of a guilty plea in a noncapital case without counsel is no violation of defendant's constitutional rights even if the defendant was not informed in advance that counsel would be assigned to him upon request." (syllabus)

Also, in Commonwealth ex rel. Gant v. Banmiller, 195 Pa. Superior Ct. 417, it was held:

". . . In Pennsylvania there is no absolute right to counsel in a noncapital case . . . *Lack of counsel at state noncapital trials denies federal constitutional protection only when the absence results in a denial to accused of the essentials of justice. . . .*"

See also, Commonwealth v. Asher, 181 Pa. Superior Ct. 80, wherein it was held:

"The burden is upon the one who avers denial of due process because of failure to provide counsel to demonstrate that for want of benefit of counsel an ingredient of unfairness operated in the process that resulted in his confinement."

If it is to be gleaned from the petition, and the petition does not so state, the relator contends that had counsel been appointed at the resentencing, such counsel might have prevented the resentencing by the same challenge to the jurisdiction of the court to pass the sentence which the relator now makes, such a contention would then as now be wholly without merit. This relator was in no way prejudiced or unfairly treated and the resentence was proper, nor was he denied or even limited in due process for the foregoing reasons.

Since matters complained of in the petition for writ of habeas corpus are questions of law which can be and are adjudicated from the record, there is no necessity for a hearing and therefore we make the following

### Order

And now, October 6, 1961, petition for writ of habeas corpus filed in the above entitled matter, which is the subject of this opinion, be and the same is hereby dismissed.